UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Morris Brown College, | : | Case No. 12-71188 (BEM) |
| | : | |
| Debtor. | : | |
| | : | |

**SUPPLEMENTAL DECLARATION OF ANNE M. AARONSON OF DILWORTH PAXSON LLP AND STATEMENT PURSUANT TO BANKRUPTCY RULES 2014 AND 2016(B) IN SUPPORT OF RETENTION**

I, Anne M. Aaronson, hereby submit this supplemental declaration (the "Supplemental Declaration") in support of the application of the above-captioned debtor and debtor-in-possession ("Debtor") for entry of an order authorizing and approving the employment and retention of Dilworth Paxson LLP as counsel for Debtor pursuant to 11 U.S.C. § 327(a) (the "Retention Application").

1. The information contained in this Supplemental Declaration is true and correct to the best of my knowledge and belief.

2. I am an attorney-at-law, duly admitted to practice in the Commonwealth of Pennsylvania and admitted *pro hac vice* in this Court, and I am a partner in the law firm of Dilworth Paxson LLP ("Dilworth"), with offices at 1500 Market Street, Suite 3500E, Philadelphia, PA 19102.

3. Unless otherwise stated in this Supplemental Declaration, I have personal knowledge of the facts hereinafter set forth. To the extent that any information disclosed herein requires amendment or modification upon Dilworth's completion of further analysis, a further amended or supplemental declaration will be submitted to the Court reflecting the same.

4. Neither Dilworth, nor any partner or associate thereof, has received any promises of compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. Dilworth has not shared, nor agreed to share, any compensation it has received or may receive with another party or person, other than with the partners and associates of Dilworth, nor has Dilworth agreed to share any compensation that any other person or party has received or may received.

5. Dilworth's retention was approved by the bankruptcy court on September 20, 2012.

6. While Dilworth was working with the Debtor to prepare the Debtor's bankruptcy schedules and statement of financial affairs, Dilworth became aware of an additional representation that requires supplemental disclosure.

7. In addition to the disclosures set forth in my initial declaration, Dilworth represents Bank of America, N.A. ("BOA"), which is an unsecured creditor of the Debtor, in matters unrelated to the Debtor. BOA is a client of a former partner of Dilworth, who left Dilworth in January of 2011, taking the BOA matters with him. Since his departure, from time to time, Dilworth continues to do work for BOA; however, Dilworth's representation of BOA constitutes less than .002% of the Firm's annual revenues. Dilworth does not represent BOA in any matters involving Debtor; therefore, no actual conflict of interest exists; however, should an adversarial issue arise between BOA and Debtor in the Debtor's bankruptcy case, Dilworth will not represent either party. Such matter will be handled by local counsel or conflicts counsel will be retained. BOA is represented by counsel of its choosing in the Debtor's bankruptcy case.

8. In addition to the foregoing, upon further review of my prior declaration, it is necessary to provide additional disclosures confirming that Dilworth has no claim against the

9827463_2

estate for any pre-petition fees or services as set forth in my prior declaration. All fees and services provided by Dilworth to the Debtor prior to August 25, 2012 were satisfied by a retainer received by Dilworth from a Celebration Committee of the African Methodist Episcopal Church. The retainer was paid to Dilworth from third party funds for the purpose of satisfying legal fees incurred by the Debtor prior to the Debtor's bankruptcy filing. All fees and expenses incurred prior to August 25, 2012 above the amount of the retainer are waived by Dilworth. The Debtor incurred no obligation with respect to the retainer. Post-petition, Dilworth will file fee applications and seek payment from the estate for fees and expenses incurred post-petition pursuant to 11 U.S.C. § 327 and § 330.

9. Accordingly, I submit that Dilworth has complied with Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure.

/s/ Anne M. Aaronson
Anne M. Aaronson