# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re: | : |
| | :    Chapter 11 |
| Morris Brown College, | : |
| | :    Case No. 12-71188-BEM |
| Debtor. | : |
| | : |

## MOTION OF DEBTOR MORRIS BROWN COLLEGE FOR ENTRY OF AN ORDER FINDING THAT DEBTOR'S SECOND AMENDED DISCLOSURE STATEMENT CONTAINS ADEQUATE INFORMATION AND FOR OTHER RELIEF

**COMES NOW** the above-captioned debtor and debtor-in-possession ("Debtor"), by and through undersigned counsel, and hereby moves this Court pursuant to this motion (the "Motion"), for entry of an Order (i) approving Debtor's proposed Second Amended Disclosure Statement (the "Second Amended Disclosure Statement"); (ii) establishing certain solicitation and voting procedures; and (iii) setting the date, time and place for (a) voting on the Second Amended Plan, (b) last day for filing objections to the Plan, and (c) filing of a report of plan voting (the "Motion"). In support thereof, Debtor respectfully states as follows:

### Background

1. On August 25, 2012 (the "Petition Date"), Debtor filed a voluntary petition for relief with the Court under Chapter 11 of title 11 of the Bankruptcy Code. Debtor is operating its organization and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in this chapter 11 case. An Official Committee of Unsecured Creditors (the "Committee") has been appointed in Debtor's bankruptcy case.

2.     The factual background relating to Debtor's commencement of this case is set forth in detail in the *Declaration of Dr. Stanley Pritchett in Support of First Day Motions* [Docket No. 13].

3.     This case is a balance sheet and operational restructuring case, through which Debtor is seeking to restructure its debt and receive financing of its working capital needs in order to preserve its rich history of serving specific needs of the higher education community. Debtor is a non-profit education corporation founded for the purpose of, and dedicated to, promoting the moral, spiritual and intellectual growth of a diverse population of mostly minority students.  Debtor's revenues were generated primarily through tuition, donations and state and federal funding.  Over recent years due to a series of negative circumstances, each of these funding sources has significantly declined.

4.     On June 26, 2013, Debtor filed its Plan of Reorganization (the "Plan") and related Disclosure Statement (the "Disclosure Statement").

5.     On October 6, 2013, Debtor filed its First Amended Plan of Reorganization (the "Amended Plan") and the Amended Disclosure Statement.

6.     On December 21, 2014, Debtor filed its Second Amended Plan of Reorganization (the "Second Amended Plan") and the Second Amended Disclosure Statement.

**<u>The Second Amended Plan and Disclosure Statement</u>**

7.     The Second Amended Disclosure Statement filed herewith covers the history of Debtor and the Chapter 11 proceeding, the contents of the Second Amended Plan, the treatment of classes of creditors, the means for implementing the Second Amended Plan, the principal risks and alternatives to the Second Amended Plan, as well as the requirements necessary to confirm and consummate the Second Amended Plan.

## **Relief Requested**

8.      Debtor requests that the Court enter the proposed form of order attached hereto,

that, *inter alia*:

>       (a)      finds that the Second Amended Disclosure Statement contains adequate information;

>       (b)      fixes the date by which all votes to accept or reject the Second Amended Plan must be submitted and actually received (the "Voting Deadline");

>       (c)      fixes the date by which all objections to the Second Amended Plan must be filed (the "Objection Deadline");

>       (d)      approves the forms of ballot (the "Ballots") for accepting or rejecting the Second Amended Plan in substantially the forms attached hereto as Exhibit 1A through 1F; and

>       (e)      pursuant to Bankruptcy Rule 3018(a), approves the proposed procedures for soliciting and tabulating votes on the Second Amended Plan (the "Solicitation Procedures").

## **The Second Amended Disclosure Statement Contains Adequate Information**

9.      Debtor requests that the Second Amended Disclosure Statement be approved as

providing "adequate information" within the meaning of Section 1125 of the Bankruptcy Code.

Under Section 1125 of the Bankruptcy Code, a debtor must provide its creditors and interest

holders with "adequate information" regarding the debtor's proposed plan of reorganization:

>       "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . . [I]n determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information . . . .

3

11 U.S.C. § 1125(a)(1).  Thus, a debtor's disclosure statement must, as a whole, provide information that is "reasonably practicable" to permit an "informed judgment" by creditors and interest holders entitled to vote on the debtor's plan of reorganization.  See In re Metrocraft Publ'g Servs., Inc., 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984); In re Coastal Realty Invs., Inc., No. 12-20564, 2013 WL 214235, at *4-5 (Bankr. S.D. Ga. Jan. 17, 2013); In re River Village Assocs., 181 B.R. 795, 804 (E.D. Pa. 1995); In re Monroe Well Service, Inc., 80 B.R. 324, 330 (Bankr. E.D. Pa. 1987) (stating that "[s]ufficient financial information must be provided so that a creditor (likened to a 'hypothetical reasonable investor') can make an 'informed judgment' whether to accept or reject the plan."; In re Phoenix Petroleum Co., 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001) (stating that "it is understood that the general purpose of the disclosure statement is to provide 'adequate information' to enable 'impaired' classes of creditors and interest holders to make an informed judgment about the proposed plan and determine whether to vote in favor of or against that plan."); see also Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 417 (3d Cir. 1988) ("The importance of full disclosure is underlaid by the reliance placed upon the disclosure statement by the creditors and the court.  Given this reliance, we cannot overemphasize the debtor's obligation to provide sufficient data to satisfy the Code standard of 'adequate information.'").

10.    The court has broad discretion in determining whether a disclosure statement contains adequate information.  See Mabey v. Sw. Elec. Power Co. (In re Cajun Elec. Power Coop.), 150 F.3d 503, 518 (5th Cir. 1998), cert. denied, 119 S. Ct. 2019 (1999); Phoenix Petroleum Co., 278 B.R. at 393 (stating that "[t]he general language of the statute and its surrounding legislative history make clear that '[t]he determination of what is adequate information is subjective and made on a case by case basis.  This determination is largely within

4

the discretion of the bankruptcy court.'") (quoting Matter of Texas Extrusion Corp., 844 F.2d

1142, 1157 (5th Cir. 1988)); Oneida Motor, 848 F.2d at 417 (stating that "[f]rom the legislative

history of § 1125 we discern that adequate information will be determined by the facts and

circumstances of each case.") (citing H.R. Rep. No. 595, 97th Cong., 2nd Sess. 266 (1977),

reprinted in U.S.Code Cong. & Admin.News 1978, 5787, 6225)).  This grant of discretion was

intended to permit courts to tailor the disclosures made in connection with a plan of

reorganization to facilitate the effective reorganization of debtors in a broad range of businesses

and circumstances.  See H.R. Rep. No. 595, at 408-09 (1977), reprinted in 1978 U.S.C.C.A.N.

5963, 6364-65 ("In reorganization cases, there is frequently great uncertainty.  Therefore, the

need for flexibility is greatest.").

11.    In the instant case, Debtor submits that the Second Amended Disclosure

Statement contains adequate information, as it contains descriptions and summaries of, among

other things:

- the Second Amended Plan;

- certain events preceding the commencement of Debtor's Chapter 11 case;

- events during Debtor's Chapter 11 case;

- Debtor's assets as of the Petition Date;

- claims asserted against Debtor's estate;

- proposed distributions and/or distribution formulas to classes of creditors;

- risk factors affecting the Second Amended Plan; and

- a liquidation analysis.

**Hearing and Deadlines for Confirmation of the Second Amended Plan Should be
Scheduled**

5

117978248_2

12.    Section 1128(a) of the Bankruptcy Code provides that, "[a]fter notice, the court shall hold a hearing on confirmation of a plan."  Moreover, Bankruptcy Rule 3017(c) provides that, "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation." Fed. R. Bankr. P. 3017(c).

13.    Fixing a date for the Confirmation Hearing and certain other related deadlines will facilitate consummation of the transactions contemplated by the Second Amended Plan.

14.    It is also requested that the Court direct that any objections to the Second Amended Plan be in writing, state the nature of the objection and the legal basis therefor, and be filed with and received by the Court, and served upon and received by counsel for Debtor and counsel for the Committee together with proof of service, no later than the Objection Deadline.

**Proposed Solicitation and Voting Procedures**

15.    Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests for purposes of soliciting their votes and providing adequate notice of a hearing on confirmation of a plan of reorganization.

16.    Debtor proposes that, upon approval of the Second Amended Disclosure Statement, the following solicitation materials (collectively, the "Solicitation Package") be distributed to each of the Recipients (as defined below):

- the Second Amended Plan;

- the Second Amended Disclosure Statement;

- the order approving this Motion;

- the Confirmation Hearing Notice (in the form attached hereto as Exhibit 4); and

6

- where applicable, a Ballot and voting instructions or Notice of Non-Voting Status.

17.     Specifically, the Solicitation Package will be served upon (i) all holders of claims known to Debtor; (ii) all parties who have filed a notice of appearance pursuant to Bankruptcy Rule 2002; (iii) counsel for the Committee; (iv) the Securities and Exchange Commission; (v) the Regional and District Directors of the Internal Revenue Service; (vi) the Office of the United States Attorney for the Northern District of Georgia; and (vii) the United States Trustee (collectively, the "Recipients") by the deadline established by the Court.

18.     As set forth in the Second Amended Disclosure Statement, Debtor is soliciting Ballots from Creditors holding claims in Classes 2, 3, 4, 5, 6, and 7.  Debtor is not soliciting Ballots from Creditors holdings claims in Class 1.

19.     It is anticipated that some of the notices of the hearing on this Motion, which are to be mailed pursuant to Bankruptcy Rule 2002, might be returned by the United States Postal Service as undeliverable.  It would be costly and wasteful to mail Solicitation Packages to the same addresses as to which notices of this Motion were returned as undeliverable.  Though Debtor will attempt to locate new or additional addresses, it may be unable to do so.  Therefore, authority is also requested to dispense with the mailing of Solicitation Packages to the entities listed at such addresses, unless Debtor is provided with a more accurate address prior to the Disclosure Statement Hearing.

**Procedures for Vote Tabulation**

20.     Debtor requests that the Court enter an order establishing the following procedures regarding the tabulation of votes cast with respect to the Second Amended Plan:

7

117978248_2

- a vote may be disregarded if the Court determines, after notice and a hearing, that the vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code;

- a holder of claims in more than one class must use separate Ballots for each class of claims;

- for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated if such creditor held one Claim against Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Second Amended Plan;

- if an executed Ballot is received by Debtor that does not indicate either an acceptance or rejection of the Second Amended Plan, or indicates both an acceptance and a rejection of the Second Amended Plan, Debtor will seek to contact the creditor and obtain instructions on completing the ballot; failing such contact, the Ballot will be disregarded;

- any Ballot cast by a person or entity that does not hold a Claim in a Class entitled to vote to accept or reject the Second Amended Plan shall be disregarded;

- any Ballot cast by a claimant holding a Disputed Claim (as that term is defined in the Second Amended Plan) shall be accepted by Debtor and deemed to have the value of $1.00 for voting purposes;

- any Class(es) of Claims for which votes were solicited but no votes are received shall be deemed to have accepted the Second Amended Plan;

- in the event that duplicate or subsequent Ballots are received by Debtor from the same claimant, the latest dated Ballot received before the Voting Deadline will supersede and revoke any prior Ballot; and

- Debtor shall accept a vote submitted by facsimile or telecopy transmission if received during the Voting Period, provided that the vote is confirmed orally or in writing or if the original ballot is received no later than the close of business on the day prior to the date on which Debtor files the Voting Report.

21.     The Solicitation and Tabulation Procedures are subject to change and may be amended at any time at or prior to the hearing on this Motion.  The Solicitation and Tabulation Procedures, including any amendment thereto, will be submitted for Court approval at the Disclosure Statement Hearing.

117978248_2

**Form of Ballots**

22.    Bankruptcy Rule 3018(c) provides, in relevant part, as follows:

> **Form of Acceptance or Rejection**.  An acceptance or rejection shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent, and conform to the appropriate Official Form.

23.    Pursuant to the Second Amended Plan, holders of claims in Classes 2, 3, 4, 5, 6, and 7 are impaired and are entitled to vote on the Second Amended Plan (collectively, the "Voting Classes").  Debtor proposes to mail a Ballot (with instructions, attached hereto as Exhibit 2) to each holder of a claim in a Voting Class.

24.    Debtor proposes to provide holders of claims or interests in Classes 2, 3, 4, 5, 6, and 7 with Ballots in the forms attached hereto as Exhibits 1A, 1B, 1C, 1D, 1E, and 1F, respectively.  Debtor submits that these forms of Ballot comply with Bankruptcy Rule 3018(c) and are based substantially on Official Form No. 14.

25.    Debtor therefore requests that the Court approve the Ballots (and instructions) in the forms attached hereto as Exhibits 1A, 1B, 1C, 1D, 1E, and 1F in all respects.

26.    Pursuant to the Plan, holders of claims in Class 1 are not impaired and are not entitled to vote on the Second Amended Plan ("Non-Voting Class").  Debtor proposes to mail a Notice of Non-Voting Status to each holder of a claim in the Non-Voting Class.

27.    Debtor proposes to provide holders of claims or interests Class 1 with notices (the "Non-Voting Notice") in the form attached hereto as Exhibit 3.

28.    Debtor therefore requests that the Court approve the Non-Voting Notice in the form attached hereto as Exhibit 3 in all respects.

117978248_2

29.     The relief sought herein is necessary to the efficient resolution of Debtor's chapter 11 case and will assist in the expeditious confirmation of the Second Amended Plan while providing adequate notice for and otherwise protecting the rights of Debtor's creditors.

### Notice

30.     Notice of this Motion has been provided to (a) Debtor; (b) the Official Committee of Unsecured Creditors; (c) the Securities and Exchange Commission; (d) all parties-in-interest who have requested copies of the Disclosure Statement or Plan; and (e) the Office of the United States Trustee for the Northern District of Georgia.

**WHEREFORE**, Debtor respectfully requests entry of an order granting the relief requested herein and such other further relief as may be just.

| | |
|---|---|
| Dated:  December 21, 2014<br>Atlanta, Georgia | /s/ John A. Moore |

**THE MOORE LAW GROUP, LLC**
John A. Moore (Ga. Bar No. 519792)
1745 Martin Luther King Jr., Dr.
Atlanta, GA 30314
Telephone: (678) 288-5600
Facsimile: (888) 553-0071

*Local Counsel for Debtor and Debtor in Possession*

and

| | |
|---|---|
| Dated:  December 21, 2014<br>Philadelphia, Pennsylvania | /s/  Anne M. Aaronson |

**DILWORTH PAXSON LLP**
Anne M. Aaronson (Pa. Bar No. 82118)
1500 Market St., Suite 3500E
Philadelphia, PA 19102
Telephone:  (215) 575-7000
Facsimile:  (215) 575-7200

*Lead Counsel for Debtor and Debtor in Possession*

117978248_2

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: | : |
| | :  Chapter 11 |
| Morris Brown College, | : |
| | :  Case No. 12-71188-BEM |
| Debtor. | : |
| | : |

**ORDER APPROVING SECOND AMENDED DISCLOSURE STATEMENT**
**AND SOLICITATION AND VOTING PROCEDURES**

Upon consideration of the motion (the "Motion")[1] of Morris Brown College ("Debtor"),

for an Order: (i) approving Debtor's proposed second amended disclosure statement (the

"Second Amended Disclosure Statement"); (ii) establishing certain solicitation and voting

procedures; and (iii) setting the date, time and place for (a) voting on the Second Amended Plan,

(b) last day for filing objections to Debtor's Second Amended Plan, and (c) filing of a report of

plan voting; and sufficient cause appearing therefore;

IT IS HEREBY ORDERED THAT:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

117978248_2

1.      The Motion is granted.

2.      This Court finds that the Second Amended Disclosure Statement provides adequate information as is required by Section 1125 of the Bankruptcy Code and is hereby approved.

3.      On or before _____, 2015, Debtor shall cause a copy of the following solicitation materials (collectively, the "Solicitation Package") to be distributed to each of the Recipients (as defined below):

(a)      The Second Amended Plan;

(b)      The Second Amended Disclosure Statement;

(c)      Notice of the approval of the Second Amended Disclosure Statement and the dates fixed by the Court as the Voting Deadline, Objection Deadline and the scheduling of the Confirmation Hearing, in substantially the form attached to the Motion as Exhibit 4 (the "Confirmation Hearing Notice");

(d)      Where appropriate, a Ballot or Ballots and voting instructions in a form substantially similar to those attached to the Motion as Exhibits 1A, 1B, 1C, 1D, 1E, and 1F.

4.      Debtor shall cause copies of the Solicitation Packet to be mailed, by first class United States mail to:  (i) all holders of claims known to Debtor in any class that is impaired under the Second Amended Plan; (ii) all parties who have filed a notice of appearance pursuant to Bankruptcy Rule 2002; (iii) counsel for the Committee; (iv) the Securities and Exchange Commission; (v) the Regional and District Directors of the Internal Revenue Service; (vi) the Office of the United States Attorney for the Northern District of Georgia; and (vii) the United States Trustee (collectively, the "Recipients").

117978248_2

5.      The record date for determining which parties are the holders of claims and interests entitled to vote on the Second Amended Plan is the date of this order (the "Record Date").

6.      Debtor shall solicit Ballots only from impaired classes.

7.      Ballots shall be sent to:

> Morris Brown College Plan Voting
> Dilworth Paxson LLP
> 1500 Market Street, Suite 3500E
> Philadelphia, Pennsylvania 19102
> Attention:  Miriam L. Dolan

8.      Debtor shall cause copies of the Notice of Non-Voting Status to be mailed to all Holders of Class 1 Claims, which are not entitled to vote on the Second Amended Plan.

9.      In cases where notice for the hearing on the Motion, mailed pursuant to Bankruptcy Rule 2002, was returned by the United States Postal Service as undeliverable, Debtor may dispense with the mailing of the Solicitation Package to the entity listed at such address, unless Debtor obtains or is provided with a more accurate address prior to the Disclosure Statement Hearing.

10.      In accordance with Bankruptcy Rule 3017, the date and time set for filing objections to the Second Amended Plan shall be _____ (the "Objection Deadline").

11.      _____, 2015 at _____ p.m. is fixed as the last date and time for creditors to return their ballots with respect to the Second Amended Plan.

12.      Debtor shall file a report of plan voting (the "Voting Report") pursuant to Local Bankruptcy Rule 3018-1 on or before _____, 2015.

13.      In accordance with Bankruptcy Rule 3017, a hearing to consider confirmation of the Second Amended Plan and any objection that may be interposed shall be held before the Honorable Barbara Ellis-Monro, United States Bankruptcy Judge, Courtroom No. 1402, United

117978248_2

States Bankruptcy Court for the Northern District of Georgia, 75 Spring Street South West, Atlanta, Georgia 30303, on _____, 2015 at ____ __.m. (the "Confirmation Hearing").

14.     Any objections to the Second Amended Plan shall be in writing, shall state the name of the objector, its interest in Debtor's chapter 11 case and, if appropriate, the amount and nature of its claim, that it is an objection to the Second Amended Plan, as well as the grounds for the objection and the legal basis therefore, and be served and filed with and received by the Bankruptcy Court and served so as to be <u>received</u> by the parties listed below no later than the Objection Deadline:

<div align="center">

Anne M. Aaronson, Esquire
Dilworth Paxson LLP
1500 Market Street, Suite 3500E
Philadelphia, Pennsylvania 19102
(215) 575-7000
(215) 575-7200 (fax)

Matthew W. Levin
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309-4528
(404) 815-6303
(404) 541-3459 (fax)

</div>

15.     Any party failing to properly serve and file an objection to the Second Amended Plan in compliance with this Order may be barred from raising any objection at the Confirmation Hearing.

16.     Ballots cast with respect to the Second Amended Plan shall be tabulated by Debtor as follows:

(a)     a vote may be disregarded if the Court determines, after notice and a hearing, that the vote was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code;

117978248_2

(b)    a holder of claims in more than one class must use separate Ballots for each class of claims;

(c)    if an executed Ballot is received by Debtor that does not indicate either an acceptance or rejection of the Second Amended Plan, or indicates both an acceptance and a rejection of the Second Amended Plan, Debtor will seek to contact the creditor and obtain instructions on completing the ballot; failing such contact, the Ballot will be disregarded;

(d)    for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against Debtor in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Second Amended Plan;

(e)    any Ballot cast by a person or entity that does not hold a Claim in a Class entitled to vote to accept or reject the Second Amended Plan shall be disregarded;

(f)    in the event that duplicate or subsequent Ballots are received by Debtor from the same claimant, the latest dated Ballot received before the Voting Deadline will supersede and revoke any prior Ballot; and

(g)    Debtor shall accept a vote submitted by facsimile or telecopy transmission if received during the Voting Period, provided that the vote is confirmed orally or in writing or if the original ballot is received no later than the close of business on the day prior to the date on which Debtor files the Voting Report.

(h)    Any Ballot cast by a claimant holding a Disputed Claim (as that term is defined in the Second Amended Plan) shall be accepted by Debtor and deemed to have the value of $1.00 for voting purposes.

(i)      Any Classes of Claims for which votes were solicited but no votes are received shall be deemed to have accepted the Second Amended Plan;

17.      Debtor is authorized and empowered to take such actions as may be necessary or appropriate to implement the terms of this Order.

117978248_2

# **EXHIBIT 1**

## **[FORMS OF BALLOTS]**

## EXHIBIT 1A

117978248_2

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| Morris Brown College, | : |
| | : Case No. 12-71188-BEM |
| Debtor. | : |
| | : |

**BALLOT FOR ACCEPTING OR REJECTING DEBTOR'S SECOND AMENDED**
**CHAPTER 11 PLAN DATED AS OF DECEMBER 21, 2014**

**CLASS 2: THE AFRICAN METHODIST EPISCOPAL CHURCH, INC.**

---

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE
SECOND AMENDED PLAN
IS 5:00 P.M., PREVAILING EASTERN TIME, ON _____,
2015**

---

PLEASE READ AND FOLLOW THE INSTRUCTIONS.  PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT TO MORRIS BROWN COLLEGE PLAN VOTING, DILWORTH PAXSON LLP, 1500 MARKET STREET, SUITE 3500E, PHILADELPHIA, PA 19102, ATTENTION:  MIRIAM L. DOLAN.   FILL IN THE APPROPRIATE INFORMATION AND CHECK THE APPROPRIATE BOXES BELOW:

Filed By: _____

On Behalf Of: _____

Date: _____

The Second Amended Plan of Reorganization ("Plan") referred to in this Ballot can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of claims and interests in each Class voting on the Plan.  In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the Class rejecting it.  To have your vote count, you must return this Ballot.

**Item 1.   Amount of Claim.**  The undersigned is the holder of a Class 2 Claim in the unpaid principal amount of $_____ (the "Claim").

**Item 2.   Class 2 – Vote.**  The undersigned, the holder of the Class 2 Claim set forth above, votes (please check one):

**To Accept the Plan.**          ☐

**To Reject the Plan.**          ☐

**Item 3.**  By signing this Ballot, the undersigned certifies that (a) it has been provided with a copy of the Plan and the Second Amended Disclosure Statement with respect to the Plan (the "Disclosure Statement"); (b) it is the holder of the Claim set forth above which is designated as **Class 2 Claim**; (c) the signatory, executing this document on behalf of the holders of such Interests, has full power and authority to vote to accept or reject the Second Amended Plan; and (d) it acknowledges that the solicitation is subject to all the terms and conditions set forth in the Second Amended Disclosure Statement.

Name of Voter:  _____
(Print or Type)

By (If Appropriate):  _____

Title (If Appropriate):  _____

Address:  _____

City, State and Zip Code:  _____

Telephone Number:  _____  Date Completed:  _____

**YOUR VOTE MUST BE RECEIVED BY DILWORTH PAXSON LLP BY 5 P.M. EASTERN TIME ON _____, 2015 AT THE FOLLOWING ADDRESS OR YOUR VOTE MAY NOT BE COUNTED:**

Morris Brown College Plan Voting
Dilworth Paxson LLP
1500 Market Street, Suite 3500E
Philadelphia, Pennsylvania 19102
Attention:  Miriam L. Dolan

2

117978248_2

**EXHIBIT 1B**

117978248_2

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| Morris Brown College, | : |
| | : Case No. 12-71188-BEM |
| Debtor. | : |
| | : |

**BALLOT FOR ACCEPTING OR REJECTING DEBTOR'S**
**SECOND AMENDED CHAPTER 11 PLAN DATED AS OF DECEMBER 21, 2014**

**CLASS 3: U.S. DEPARTMENT OF EDUCATION AND ATLANTA ECONOMIC**
**DEVELOPMENT AUTHORITY SECURED CLAIMS**

---

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE**
**SECOND AMENDED PLAN**
**IS 5:00 P.M., PREVAILING EASTERN TIME, ON _____,**
**2015**

---

PLEASE READ AND FOLLOW THE INSTRUCTIONS.  PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT TO MORRIS BROWN COLLEGE PLAN VOTING, DILWORTH PAXSON LLP, 1500 MARKET STREET, SUITE 3500E, PHILADELPHIA, PA 19102, ATTENTION:  MIRIAM L. DOLAN.  FILL IN THE APPROPRIATE INFORMATION AND CHECK THE APPROPRIATE BOXES BELOW:

Filed By:  _____

On Behalf Of:  _____

Date:  _____

The Second Amended Plan of Reorganization ("Plan") referred to in this Ballot can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of claims and interests in each Class voting on the Plan.  In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the Class rejecting it.  To have your vote count, you must return this Ballot.

**Item 1.  Amount of Claim.**  The undersigned is the holder of a Class 3 Claim in the unpaid principal amount of $_____ (the "Claim").

**Item 2.  Class 3 – Vote.**  The undersigned, the holder of the Class 3 Claim set forth above, votes (please check one):

**To Accept the Plan.**        ☐

**To Reject the Plan.**        ☐

**Item 3.**   By signing this Ballot, the undersigned certifies that (a) it has been provided with a copy of the Plan and the Second Amended Disclosure Statement with respect to the Plan (the "Disclosure Statement"); (b) it is the holder of the Claim set forth above which is designated as **Class 3 Claim**; (c) the signatory, executing this document on behalf of the holders of such Interests, has full power and authority to vote to accept or reject the Plan; and (d) it acknowledges that the solicitation is subject to all the terms and conditions set forth in the Disclosure Statement.

Name of Voter: _____
                                                              (Print or Type)

By (If Appropriate): _____

Title (If Appropriate): _____

Address: _____

City, State and Zip Code: _____

Telephone Number: _____ Date Completed: _____

**YOUR VOTE MUST BE RECEIVED BY DILWORTH PAXSON LLP BY 5 P.M. EASTERN TIME ON _____, 2015 AT THE FOLLOWING ADDRESS OR YOUR VOTE MAY NOT BE COUNTED:**

Morris Brown College Plan Voting
Dilworth Paxson LLP
1500 Market Street, Suite 3500E
Philadelphia, Pennsylvania 19102
Attention:  Miriam L. Dolan

2

117978248_2

**<u>EXHIBIT 1C</u>**

3

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| Morris Brown College, | : |
| | : Case No. 12-71188-BEM |
| Debtor. | : |
| | : |

**BALLOT FOR ACCEPTING OR REJECTING DEBTOR'S SECOND AMENDED**
**CHAPTER 11 PLAN DATED AS OF DECEMBER 21, 2014**

**CLASS 4: FIERI FACIAS LIENS OF COMMERCE AND INDUSTRY INSURANCE**
**COMPANY**

---

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE**
**SECOND AMENDED PLAN**
**IS 5:00 P.M., PREVAILING EASTERN TIME, ON _____,**
**2015**

---

PLEASE READ AND FOLLOW THE INSTRUCTIONS.  PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT TO MORRIS BROWN COLLEGE PLAN VOTING, DILWORTH PAXSON LLP, 1500 MARKET STREET, SUITE 3500E, PHILADELPHIA, PA 19102, ATTENTION:  MIRIAM L. DOLAN.  FILL IN THE APPROPRIATE INFORMATION AND CHECK THE APPROPRIATE BOXES BELOW:

Filed By: _____

On Behalf Of: _____

Date: _____

The Second Amended Plan of Reorganization ("Plan") referred to in this Ballot can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of claims and interests in each Class voting on the Plan.  In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the Class rejecting it.  To have your vote count, you must return this Ballot.

<u>**Item 1**</u>.  **Amount of Claim.**  The undersigned is the holder of a Class 4 Claim in the unpaid principal amount of $_____ (the "Claim").

<u>**Item 2**</u>.  **Class 4 – Vote.**  The undersigned, the holder of the Class 4 Claim set forth above, votes (please check one):

      **To Accept the Plan.**        ☐

      **To Reject the Plan.**       ☐

    **Item 3.**  By signing this Ballot, the undersigned certifies that (a) it has been provided with a copy of the Plan and the Second Amended Disclosure Statement with respect to the Plan (the "Disclosure Statement"); (b) it is the holder of the Claim set forth above which is designated as **Class 4 Claim**; (c) the signatory, executing this document on behalf of the holders of such Interests, has full power and authority to vote to accept or reject the Plan; and (d) it acknowledges that the solicitation is subject to all the terms and conditions set forth in the Disclosure Statement.

Name of Voter: _____
                             (Print or Type)

By (If Appropriate): _____

Title (If Appropriate): _____

Address: _____

City, State and Zip Code: _____

Telephone Number: _____  Date Completed: _____

**YOUR VOTE MUST BE RECEIVED BY DILWORTH PAXSON LLP BY 5 P.M. EASTERN TIME ON _____, 2015 AT THE FOLLOWING ADDRESS OR YOUR VOTE MAY NOT BE COUNTED:**

<div align="center">

Morris Brown College Plan Voting
Dilworth Paxson LLP
1500 Market Street, Suite 3500E
Philadelphia, Pennsylvania 19102
Attention:  Miriam L. Dolan

</div>

<div align="center">2</div>

117978248_2

**EXHIBIT 1D**

117978248_2

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| Morris Brown College, | : |
| | : Case No. 12-71188-BEM |
| Debtor. | : |
| | : |

**BALLOT FOR ACCEPTING OR REJECTING DEBTOR'S SECOND AMENDED**
**CHAPTER 11 PLAN DATED AS OF DECEMBER 21, 2014**

**CLASS 5: MECHANIC'S LIEN OF COMMERCIAL PLUMBING, INC.**

<div style="border:1px solid black">

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE**
**SECOND AMENDED PLAN**
**IS 5:00 P.M., PREVAILING EASTERN TIME, ON _____,**
**2015**

</div>

      PLEASE READ AND FOLLOW THE INSTRUCTIONS.  PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT TO MORRIS BROWN COLLEGE PLAN VOTING, DILWORTH PAXSON LLP, 1500 MARKET STREET, SUITE 3500E, PHILADELPHIA, PA 19102, ATTENTION:  MIRIAM L. DOLAN.  FILL IN THE APPROPRIATE INFORMATION AND CHECK THE APPROPRIATE BOXES BELOW:

Filed By:    _____

On Behalf Of: _____

Date:      _____

      The Second Amended Plan of Reorganization ("Plan") referred to in this Ballot can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of claims and interests in each Class voting on the Plan.  In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the Class rejecting it.  To have your vote count, you must return this Ballot.

      <u>**Item 1**</u>.  **Amount of Claim.**  The undersigned is the holder of a Class 5 Claim in the unpaid principal amount of $_____ (the "Claim").

      <u>**Item 2**</u>.  **Class 5 – Vote.**  The undersigned, the holder of the Class 5 Claim set forth above, votes (please check one):

<center>2</center>

**To Accept the Plan.**          ☐

**To Reject the Plan.**          ☐

**Item 3.**  By signing this Ballot, the undersigned certifies that (a) it has been provided with a copy of the Plan and the Second Disclosure Statement with respect to the Plan (the "Disclosure Statement"); (b) it is the holder of the Claim set forth above which is designated as **Class 5 Claim**; (c) the signatory, executing this document on behalf of the holders of such Interests, has full power and authority to vote to accept or reject the Plan; and (d) it acknowledges that the solicitation is subject to all the terms and conditions set forth in the Disclosure Statement.

Name of Voter:  _____
                                            (Print or Type)

By (If Appropriate):  _____

Title (If Appropriate):  _____

Address:  _____

City, State and Zip Code:  _____

Telephone Number:  _____  Date Completed:  _____

**YOUR VOTE MUST BE RECEIVED BY DILWORTH PAXSON LLP BY 5 P.M. EASTERN TIME ON _____, 2015 AT THE FOLLOWING ADDRESS OR YOUR VOTE MAY NOT BE COUNTED:**

Morris Brown College Plan Voting
Dilworth Paxson LLP
1500 Market Street, Suite 3500E
Philadelphia, Pennsylvania 19102
Attention:  Miriam L. Dolan

3

117978248_2

**EXHIBIT 1E**

117978248_2

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: | : |
| | :   Chapter 11 |
| Morris Brown College, | : |
| | :   Case No. 12-71188-BEM |
| Debtor. | : |
| | : |

**BALLOT FOR ACCEPTING OR REJECTING DEBTOR'S SECOND AMENDED**
**CHAPTER 11 PLAN DATED AS OF DECEMBER 21, 2014**

**CLASS 6: MECHANIC'S LIEN OF PREMIER CONTRACT CARPET**

<div style="border:1px solid black; padding:10px;">

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE**
**SECOND AMENDED PLAN**
**IS 5:00 P.M., PREVAILING EASTERN TIME, ON _____,**
**2015**

</div>

PLEASE READ AND FOLLOW THE INSTRUCTIONS.  PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT TO MORRIS BROWN COLLEGE PLAN VOTING, DILWORTH PAXSON LLP, 1500 MARKET STREET, SUITE 3500E, PHILADELPHIA, PA 19102, ATTENTION:  MIRIAM L. DOLAN.  FILL IN THE APPROPRIATE INFORMATION AND CHECK THE APPROPRIATE BOXES BELOW:

Filed By: _____

On Behalf Of: _____

Date: _____

The Second Amended Plan of Reorganization ("Plan") referred to in this Ballot can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of claims and interests in each Class voting on the Plan.  In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the Class rejecting it.  To have your vote count, you must return this Ballot.

__Item 1__.  **Amount of Claim.**  The undersigned is the holder of a Class 6 Claim in the unpaid principal amount of $_____ (the "Claim").

__Item 2__.  **Class 6 – Vote.**  The undersigned, the holder of the Class 6 Claim set forth above, votes (please check one):

**To Accept the Plan.** ☐

**To Reject the Plan.** ☐

**Item 3.** By signing this Ballot, the undersigned certifies that (a) it has been provided with a copy of the Plan and the Second Amended Disclosure Statement with respect to the Plan (the "Disclosure Statement"); (b) it is the holder of the Claim set forth above which is designated as **Class 6 Claim**; (c) the signatory, executing this document on behalf of the holders of such Interests, has full power and authority to vote to accept or reject the Plan; and (d) it acknowledges that the solicitation is subject to all the terms and conditions set forth in the Disclosure Statement.

Name of Voter: _____

<div align="center">(Print or Type)</div>

By (If Appropriate): _____

Title (If Appropriate): _____

Address: _____

City, State and Zip Code: _____

Telephone Number: _____ Date Completed: _____

**YOUR VOTE MUST BE RECEIVED BY DILWORTH PAXSON LLP BY 5 P.M. EASTERN TIME ON _____, 2015 AT THE FOLLOWING ADDRESS OR YOUR VOTE MAY NOT BE COUNTED:**

<div align="center">

Morris Brown College Plan Voting

Dilworth Paxson LLP

1500 Market Street, Suite 3500E

Philadelphia, Pennsylvania 19102

Attention: Miriam L. Dolan

</div>

<div align="center">2</div>

117978248_2

**<u>Exhibit 1F</u>**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| Morris Brown College, | : | |
| | : | Case No. 12-71188-BEM |
| Debtor. | : | |
| | : | |

**BALLOT FOR ACCEPTING OR REJECTING DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN DATED AS OF DECEMBER 21, 2014**

**CLASS 7: GENERAL UNSECURED CLAIMS**

---

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE SECOND AMENDED PLAN IS 5:00 P.M., PREVAILING EASTERN TIME, ON _____, 2015**

---

PLEASE READ AND FOLLOW THE INSTRUCTIONS.  PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT TO MORRIS BROWN COLLEGE PLAN VOTING, DILWORTH PAXSON LLP, 1500 MARKET STREET, SUITE 3500E, PHILADELPHIA, PA 19102, ATTENTION:  MIRIAM L. DOLAN.   FILL IN THE APPROPRIATE INFORMATION AND CHECK THE APPROPRIATE BOXES BELOW:

Filed By:      _____

On Behalf Of: _____

Date:         _____

The Second Amended Plan of Reorganization ("Plan") referred to in this Ballot can be confirmed by the Court and thereby made binding on you if it is accepted by the holders of claims and interests in each Class voting on the Plan.  In the event the requisite acceptances are not obtained, the Court may nevertheless confirm the Plan if the Court finds that the Plan accords fair and equitable treatment to the Class rejecting it.  To have your vote count, you must return this Ballot.

**Item 1.  Amount of Claim.**  The undersigned is the holder of a Class 7 Claim in the unpaid principal amount of $_____ (the "Claim").

**Item 2.  Class 7 – Vote.**  The undersigned, the holder of the Class 7 Claim set forth above, votes (please check one):

**To Accept the Plan.**         ☐

**To Reject the Plan.**         ☐

**Item 3.**  By signing this Ballot, the undersigned certifies that (a) it has been provided with a copy of the Plan and the Second Amended Disclosure Statement with respect to the Plan (the "Disclosure Statement"); (b) it is the holder of the Claim set forth above which is designated as **Class 7 Claim**; (c) the signatory, executing this document on behalf of the holders of such Interests, has full power and authority to vote to accept or reject the Plan; and (d) it acknowledges that the solicitation is subject to all the terms and conditions set forth in the Disclosure Statement.

Name of Voter:  _____
(Print or Type)

By (If Appropriate):  _____

Title (If Appropriate):  _____

Address:  _____

City, State and Zip Code:  _____

Telephone Number:  _____  Date Completed:  _____

**YOUR VOTE MUST BE RECEIVED BY DILWORTH PAXSON LLP BY 5 P.M. EASTERN TIME ON _____, 2015 AT THE FOLLOWING ADDRESS OR YOUR VOTE MAY NOT BE COUNTED:**

Morris Brown College Plan Voting
Dilworth Paxson LLP
1500 Market Street, Suite 3500E
Philadelphia, Pennsylvania 19102
Attention:  Miriam L. Dolan

2

117978248_2

**<u>EXHIBIT 2</u>**
**<u>[BALLOT INSTRUCTIONS]</u>**

## INSTRUCTIONS FOR COMPLETING THE BALLOT

Morris Brown College ("Debtor") is soliciting your vote with respect to its Second Amended Plan of Reorganization (the "Second Amended Plan") referred to in the accompanying Second Amended Disclosure Statement with respect to the Second Amended Plan (the "Second Amended Disclosure Statement"), which was approved by the Bankruptcy Court on _____, 2015.  Please review the Second Amended Plan and Disclosure Statement carefully before you vote.

To have your vote count, you must complete, sign and return this Ballot so that it is received not later than 5:00 p.m., Eastern Time, on _____, 2015, unless extended in Debtor's sole discretion (the "Voting Deadline").

**ANY BALLOT THAT IS VALIDLY EXECUTED BUT THAT DOES NOT CLEARLY INDICATE REJECTION OF THE PLAN SHALL BE DEEMED TO CONSTITUTE A VOTE FOR ACCEPTANCE OF THE SECOND AMENDED PLAN.**

To properly complete the Ballot, you must follow the procedures described below:

(i)      sign and date your Ballot;

(ii)     FOLLOW ALL INSTRUCTIONS CAREFULLY;

(iii)    if you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing;

(iv)     provide your name and mailing address; and

(v)      return your Ballot.

If you think you have not received the appropriate Ballot, immediately communicate with Dilworth Paxson LLP at the address or phone number indicated below.

The Ballot should be returned by mail to:

<div align="center">

Morris Brown College Plan Voting
Dilworth Paxson LLP
1500 Market Street, Suite 3500E
Philadelphia, Pennsylvania 19102
Attention:  Miriam L. Dolan

</div>

Please mail your Ballot so that it so that it will be received by the Voting Deadline.  It is your responsibility to assure timely and actual receipt by Dilworth Paxson LLP by the Voting Deadline.

**PLEASE MAIL YOUR BALLOT PROMPTLY:**

**BALLOTS THAT ARE FAXED OR SENT VIA ELECTRONIC MAIL WILL BE QUALIFIED IF RECEIVED ON OR BEFORE THE VOTING DEADLINE, PROVIDED THAT THE VOTE IS CONFIRMED ORALLY OR IN WRITING OR IF THE ORIGINAL BALLOT IS RECEIVED NO LATER THAN THE CLOSE OF BUSINESS ON THE DAY PRIOR TO THE DATE ON WHICH DEBTOR FILES THE VOTING REPORT**

IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL ANNE M. AARONSON, ESQUIRE AT DILWORTH PAXSON LLP AT (215) 575-7110 BETWEEN THE HOURS OF 9:00 A.M. TO 4:00 P.M. EASTERN TIME.

117978248_2

# **EXHIBIT 3**

## **[NON-VOTING NOTICE]**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: | : |
| | :  Chapter 11 |
| Morris Brown College, | : |
| | :  Case No. 12-71188-BEM |
| Debtor. | : |
| | : |

**NOTICE OF NON-VOTING STATUS WITH RESPECT TO NON-VOTING CLASSES**

PLEASE TAKE NOTICE that on December 21, 2014 Morris Brown College ("Debtor") filed its Second Amended Plan of Reorganization (the "Plan") and on December 21, 2014, Debtor filed its Second Amended Disclosure Statement in support of the Plan.

**UNDER THE TERMS OF THE PLAN, YOUR CLAIM(S) AGAINST THE DEBTOR IS NOT IMPAIRED AND, THEREFORE, PURSUANT TO SECTION 1126(f) OF THE BANKRUPTCY CODE, YOU ARE (I) DEEMED TO HAVE ACCEPTED THE PLAN, AND (II) NOT ENTITLED TO VOTE ON THE PLAN. THEREFORE, YOUR VOTE IS NOT BEING SOLICITED IN CONNECTION WITH THE ACCEPTANCE OF THE PLAN. ALL DOCUMENTS FILED WITH THE BANKRUPTCY COURT, INCLUDING THE DISCLOSURE STATEMENT AND THE PLAN, ARE AVAILABLE FOR VIEWING AT THE UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF GEORGIA, 75 SPRING STREET SOUTH WEST, ATLANTA, GEORGIA 30303. COPIES OF THE DISCLOSURE STATEMENT AND THE PLAN ARE ALSO AVAILABLE BY CONTACTING MIRIAM L. DOLAN AT (215) 575-7000. IF YOU HAVE ANY QUESTIONS ABOUT THE STATUS OF YOUR CLAIMS, YOU SHOULD CONTACT DEBTOR'S COUNSEL IDENTIFIED BELOW.**

**IF YOU HOLD CLAIMS AS NOMINEE OR FOR THE BENEFIT OF ANOTHER PARTY, YOU ARE DIRECTED TO IMMEDIATELY DELIVER A COPY OF THIS NOTICE TO ALL BENEFICIAL HOLDERS OF SUCH CLAIMS REGISTERED UNDER YOUR NAME.**

| | |
|---|---|
| Dated: _____ ___, 2015 | /s/ |
| Atlanta, Georgia | **THE MOORE LAW GROUP, LLC** |
| | John A. Moore (Ga. Bar No. 519792) |
| | 1745 Martin Luther King Jr., Dr. |
| | Atlanta, GA 30314 |
| | Telephone: (678) 288-5600 |
| | Facsimile: (888) 553-0071 |
| | |
| | *Local Counsel for Debtor and Debtor in Possession* |
| | |
| | and |

Dated: _____ ___, 2015                    /s/  Anne M. Aaronson
Philadelphia, Pennsylvania                **DILWORTH PAXSON LLP**
                                          Anne M. Aaronson (Pa. Bar No. 82118)
                                          1500 Market St., Suite 3500E
                                          Philadelphia, PA 19102
                                          Telephone:  (215) 575-7000
                                          Facsimile:  (215) 575-7200

                                          *Lead Counsel for Debtor and Debtor in Possession*

## **EXHIBIT 4**

## **[CONFIRMATION HEARING NOTICE]**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: | : |
| | :    Chapter 11 |
| Morris Brown College, | : |
| | :    Case No. 12-71188-BEM |
| Debtor. | : |
| | : |

**NOTICE OF HEARING TO CONSIDER CONFIRMATION**
**OF DEBTOR MORRIS BROWN COLLEGE'S SECOND AMENDED PLAN OF**
**REORGANIZATION**

PLEASE TAKE NOTICE THAT:

1.      On or about December 21, 2014, Morris Brown College ("Debtor"), filed with the United States Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court") a proposed Second Amended Plan of Reorganization (the "Plan") and a proposed Second Amended Disclosure Statement relating to the Plan (the "Disclosure Statement").

2.      On _____, 2015, the Bankruptcy Court entered an order, *inter alia*, approving the Disclosure Statement as containing "adequate information" pursuant to Section 1125 of Title 11 of the United States Code (the "Bankruptcy Code").

3.      A hearing to consider confirmation of the Plan, any objections thereto and any other matter that may properly come before the Bankruptcy Court will be held before the Honorable Barbara Ellis-Monro, United States Bankruptcy Judge, United States Bankruptcy Court for the Northern District of Georgia, Courtroom No. 1402, United States Bankruptcy Court for the Northern District of Georgia, 75 Spring Street South West, Atlanta, Georgia 30303, on _____, 2015 at ____ __.m. (the "Confirmation Hearing").  The Confirmation Hearing may be adjourned from time to time without further notice other than an announcement of the adjourned date or dates at the Confirmation Hearing or at an adjourned hearing.

4.      Any objections to the Plan shall be in writing, state the name of the objector, its interest in this chapter 11 case and, if appropriate, the amount and nature of its claim, that it is an objection to confirmation of the Plan, as well as the grounds for the objection and the legal basis therefor, and be filed with and received by the Bankruptcy Court, and served upon and received by the party listed below, together with proof of service, no later than _____**, 2015:**

Anne M. Aaronson, Esquire
Dilworth Paxson LLP
1500 Market Street, Suite 3500E
Philadelphia, Pennsylvania 19102
(215) 575-7000
(215) 575-7200 (fax)

117978248_2

Matthew W. Levin
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia  30309-4528
(404) 815-6303
(404) 541-3459 (fax)

5.      If you have not been served with copies of the Plan and Disclosure Statement, copies of such documents may be obtained by communicating with Debtor in writing Dilworth Paxson LLP, 1500 Market Street, Suite 3500E, Philadelphia, Pennsylvania 19102, Attention: Anne M. Aaronson, Esquire.

**UNLESS AN OBJECTION IS TIMELY SERVED AND FILED IN ACCORDANCE WITH THIS NOTICE, THE OBJECTION WILL NOT BE CONSIDERED BY THE BANKRUPTCY COURT.**

Dated: _____ ___, 2015
Atlanta, Georgia

/s/ _____
John A. Moore (Ga. Bar No. 519792)
**The Moore Law Group, LLC**
1745 Martin Luther King Jr., Dr.
Atlanta, GA 30314
Telephone: (678) 288-5600
Facsimile: (888) 553-0071

*Local Counsel for Debtor and Debtor in Possession*

and

Philadelphia, Pennsylvania

/s/ _____
**DILWORTH PAXSON LLP**
Anne M. Aaronson (Pa. Bar No. 82118)
1500 Market St., Suite 3500E
Philadelphia, PA 19102
Telephone:  (215) 575-7000
Facsimile:  (215) 575-7200

*Lead Counsel for Debtor and Debtor in Possession*