

**IT IS ORDERED as set forth below:**

**Date: March 27, 2015**

_____

**Barbara Ellis-Monro**
**U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re: | : |
| | :    Chapter 11 |
| Morris Brown College, | : |
| | :    Case No. 12-71188-BEM |
| Debtor. | : |
| | : |

## ORDER CONFIRMING DEBTOR'S SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION DATED DECEMBER 21, 2014

     **AND NOW**, upon consideration of the **Second Amended Chapter 11 Plan of Reorganization dated December 21, 2014** (Docket No. 450), and the Secured Promissory Note attached as Exhibit "A" to the Praecipe to Attach Exhibit (Docket No. 484) (the "Note") filed on March 23, 2015 (such plan and note shall be collectively referred to as the "Second Amended Plan")[1] proposed by Morris Brown College (the "Debtor");

---

[1] Capitalized terms not defined herein shall have the meaning as set forth in the Second Amended Plan. In the event of any ambiguity concerning or inconsistency between the terms of the Second Amended Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall govern. The Second Amended Plan as modified by this Confirmation Order, shall be referred to herein as the "Plan."

**AND**, the Second Amended Plan having been transmitted to Creditors and parties in interest;

**AND**, the ballots and solicitation materials approved by this Court on February 12, 2015 having been transmitted to Creditors;

**AND**, upon certification of Anne M. Aaronson, Esq. of Dilworth Paxson LLP regarding the tabulation of the ballots in favor of and in opposition to the Plan;

**AND**, after a hearing on confirmation of the Plan held at 10:00 a.m. ET on **March 25, 2015** (the "Hearing"), adequate notice of which was served by Debtor on all Creditors and parties in interest, and it appearing that no objections to confirmation of the Plan were filed with the Court or asserted at the Hearing;

**AND**, the Court finding that the Plan complies with the requirements of 11 U.S.C. §§ 1122 and 1123, and the requirements for Confirmation set forth in 11 U.S.C. § 1129(b) have been satisfied.

It is hereby **ORDERED** that:

1.     The Plan is **CONFIRMED** and the Plan Documents (including, without limitation, the Note) and all settlements and transactions contemplated under the Plan are hereby **APPROVED** and binding on the parties thereto as set forth therein**.**

2.     Based on the record before the Court, the Debtor and its Professionals have acted in "good faith" within the meaning of 11 U.S.C. § 1125(e) in connection with all of their respective activities relating to the solicitation of acceptances to the Plan and their participation in activities described in section 1125 of the Bankruptcy Code; therefore, Debtor and its Professionals are entitled to the protections afforded by 11 U.S.C. § 1125(e).

2

3.    The filing of the Plan and Schedules 6.02(a) and (b), and the notice of the entry of this Order constitute adequate notice of the assumption and rejection of executory contracts and unexpired leases pursuant to Article VI of the Plan, both for contracts and leases that are listed on the Schedules 6.02(a) or (b) of the Plan as well as those contracts and leases assumed or rejected pursuant to the terms of the Plan.  No further notice is required.

4.    The Debtor has exercised reasonable business judgment in determining whether to assume or reject each of its executory contracts and unexpired leases as set forth in Article VI of the Plan and each assumption or rejection provided in Article VI of the Plan shall be legal, valid and binding upon the Debtor, its bankruptcy estate and all non-debtor parties to such executory contract or unexpired lease to the same extent as if such assumption or rejection had been effectuated pursuant to an appropriate separate order of this Court.  Upon satisfaction of the cure amounts, as set forth on Schedule 6.02(a), and upon the Effective Date of the Plan, all contracts and leases designated by the Debtor as being assumed in Article VI of the Plan shall be assumed and binding upon the parties thereto.

5.    The Debtor will be acting in good faith if it proceeds to (1) consummate the Plan, transactions, and transfers contemplated by the Plan; and (2) take the actions authorized and directed by this Confirmation Order.

6.    Pursuant to 11 U.S.C. § 1141(b) and (c), on the Effective Date all property of the Debtor and its Estate shall vest in Morris Brown College as the reorganized debtor (the "Reorganized Debtor"), free and clear of all Liens, charges, Claims, encumbrances, and other interests, except as expressly provided in the Plan (including with respect to Clark Atlanta

3

118120816_1

University's Reversionary Interest and AME's "carried interest" under Class 2 as evidenced by the Note and the Bond Assignment Documents) or this Confirmation Order.

7.    Except as otherwise provided in this Order or in the Plan, upon entry of this Order, the Debtor shall be discharged of all Claims, debts and other obligations to the extent set forth in 11 U.S.C. § 1141(d), except as otherwise provided in the Plan.

8.    To the extent that the Debtor, AME, the Indenture Trustee, or any other Entity transfers or makes delivery of an instrument of transfer under or pursuant to the Plan, including, without limitation, the Bond Assignment Documents (defined hereinbelow), such transfer or delivery shall not be taxed under any law imposing a stamp tax or similar tax to the largest extent provided under 11 U.S.C. § 1146.

9.    The conditions to Confirmation as set forth in Section 9.01 of the Plan have been satisfied or waived or will be satisfied by the entry of this Order.

10.    Effective as of the Effective Date, and all provisions of the Second Amended Plan notwithstanding, in consideration for, *inter alia,*  the debtor-in-possession financing and as may be approved pursuant to Rule 9019 of the Bankruptcy Rules in this Bankruptcy Case, and the Carve Out, the Debtor, in its individual capacity, as debtor in possession, and on behalf of the Estate, will be deemed to have forever released, waived and discharged AME and the Indenture Trustee, their current and former affiliates, agents, attorneys, managers, members, representatives, officers, directors, employees, successors, transferees and assigns, from any and all Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action and liabilities (other than the rights of the Debtor or the Distribution Agent to enforce the Plan and the contracts, instruments, releases, indentures and other agreements or documents delivered

4

thereunder), whether for tort, contract, violations of federal or state securities laws, or otherwise, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or part on any act, omission, transaction, event or other occurrence, including actions in connection with indebtedness for money borrowed by the Debtor both pre- and post-petition, taking place on or prior to the Effective Date in any way relating to the Debtor, its Estate, the Chapter 11 Case, or the Plan.

11.    **All provisions of the Second Amended Plan notwithstanding, on the Effective Date, this Confirmation Order shall constitute an injunction permanently enjoining any Person or Entity (including, without limitation, the Reorganized Debtor or the Disbursing Agent) that has held, currently holds or may hold a Claim, demand, debt, right, Cause of Action or liability that is released pursuant to this Confirmation Order or Section 10.03 of the Plan  from enforcing or attempting to enforce any such Claim, demand, debt, right, Cause of Action or liability against (1) the Debtor, (2) the Committee, (3) the Distribution Agent, (4) any current or former member, counsel, trustee, officer, director, employee, agent, advisor, professional, representative or other person acting on behalf of the foregoing (1) through (3), or (5) any of the respective Property of any of the foregoing.  In consideration for the debtor-in-possession financing and the Carve Out and the release of certain liens and rights pursuant to which AME enabled the Debtor to fund distributions pursuant to the Plan, this Confirmation Order shall constitute an injunction permanently enjoining any Person or Entity (including, without limitation, the Reorganized Debtor or the Disbursing Agent) that has held, currently holds or may hold a Claim, demand, debt,**

**right, Cause of Action or liability that is released pursuant to this Confirmation Order or Section 10.03 of the Plan from enforcing or attempting to enforce any such Claim, demand, debt, right, Cause of Action of liability against AME, the Indenture Trustee, AME and the Indenture Trustee, their current and former affiliates, agents, attorneys, managers, members, representatives, officers, directors, employees, successors, transferees, and assigns, and any other person acting on behalf of AME or the Indenture Trustee.**

12.     The discharge, release and injunction provisions set forth in this Confirmation Order and in Sections 10.02 and 10.03 of the Second Amended Plan are made in exchange for consideration, are in the best interest of the Debtor, the estate and Holders of Claims and Interests and are fair, equitable and integrally necessary elements of the restructuring and resolution of this chapter 11 case in accordance with the Plan.

13.     The stay provided by Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order.  Immediately upon the effective date of the Plan, this Confirmation Order and the terms of the Plan shall bind (a) the Debtor; (b) all Holders of Claims and Interests; (c) any other party in interest in this chapter 11 case; (d) anyone who made an appearance in this chapter 11 case; and (e) each of the foregoing's respective heirs, successors, assigns, agents, attorneys, affiliates and beneficiaries.

14.     The entry of this Confirmation Order authorizes the Debtor to take or cause to be taken all actions necessary or appropriate to consummate and implement the provisions of the Plan prior to, on and after the Effective Date, and all such actions taken or caused to be taken shall be deemed to have been authorized and approved by this Court.  On and after the Effective Date AME is authorized, but shall not be required to, file UCC financing statements, notices of

6

liens and security interests, mortgages and other similar documents reflecting AME's properly perfected, first priority lien on and security interest in all property of the Reorganized Debtor as security for the Reorganized Debtor's obligations to AME under the Note as set forth in the Plan.

15.     As of the Effective Date of the Plan, the Debtor may operate its organization and may use, acquire and dispose of property without supervision or approval by the Bankruptcy Court and free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules, other than as set forth in the Plan.

16.     Upon the occurrence of the Effective Date, any requirement that Professionals comply with sections 327 through 331 of the Bankruptcy Code in seeking retention or compensation for services rendered after the Effective Date shall terminate and the Debtor may employ and pay all Professionals in the ordinary course of business without any further notice to, action by or order or approval of the Bankruptcy Court or any other party.

17.     On the Effective Date, the Official Committee of Unsecured Creditors (the "Committee") shall be automatically dissolved and all of its members, Professionals and agents shall be deemed released of their duties, responsibilities and obligations in connection with the Debtor, the chapter 11 case, the Plan or its implementation.  Pursuant to the requirements of the Plan, the Committee has selected two (2) members of the Committee to serve as the Oversight Committee and has notified the Debtor of such members.  From and after the Effective Date, the Reorganized Debtor shall consult with the Oversight Committee on all matters related to Claim Objections, Avoidance Actions, treatment of executory contracts and distribution of Distributable Cash from the Distribution Account.

7

118120816_1

18.     Pursuant to Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c), the Debtor shall file and serve notice of entry of this Confirmation Order on creditors and parties in interest and the United States Trustee for the Northern District of Georgia by causing such notice to be delivered to such parties by first-class mail, postage prepaid, within ten (10) business days after the entry of this order.  Further, the Debtor shall similarly file and serve notice of the Effective Date of the Plan within ten (10) business days following the occurrence of the Effective Date. Such notice is adequate under the particular circumstances and no other or further notice is necessary.

19.     Pursuant to sections 1123(a) and 1142 of the Bankruptcy Code, the provisions of the Confirmation Order and the Plan including, without limitation, any amendments or modifications to the Plan as well as any instruments effectuating the Plan including, without limitation, the Note and the Bond Assignment Documents (defined hereinbelow)  shall apply and be valid and enforceable notwithstanding any otherwise applicable non-bankruptcy law.  As of the Effective Date the Debtor, Indenture Trustee and AME shall be authorized to execute and deliver  documents substantially in the form of Exhibit 1 hereto (collectively, the "Bond Assignment Documents") effectuating the amendment and assignment of the pre-petition trust indentures and bond documents relating to the Class 2 Claims such that AME shall have a first priority lien on and security interest in all property of the Reorganized Debtor described therein.

20.     This Confirmation Order is a final order and the period in which an appeal must be filed shall commence upon the entry hereof.

**<u>END OF ORDER</u>**

8

**Prepared and Presented by:**

Dated:  March 26, 2015
Atlanta, Georgia

/s/  John A. Moore
John A. Moore (Ga. Bar No. 519792)
**The Moore Law Group, LLC**
1745 Martin Luther King Jr., Dr.
Atlanta, GA 30314
Telephone: (678) 288-5600
Facsimile: (888) 553-0071

*Local Counsel for Debtor and Debtor in
Possession*

and

Philadelphia, Pennsylvania

/s/ Anne M. Aaronson
**DILWORTH PAXSON LLP**
Anne M. Aaronson (Pa. Bar No. 82118)
1500 Market St., Suite 3500E
Philadelphia, PA 19102
Telephone:  (215) 575-7000
Facsimile:  (215) 575-7200

*Lead Counsel for Debtor and Debtor in
Possession*

118120816_1

# EXHIBIT 1

SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

After recording return to:
Rogers & Hardin LLP
2700 International Tower
229 Peachtree Street NE
Atlanta, GA  30303-1601
Attention:  Richard H. Sinkfield, Esq.

STATE OF GEORGIA
COUNTY OF FULTON

### TRANSFER AND ASSIGNMENT OF BOND DOCUMENTS AND RELATED RIGHTS

FOR VALUE RECEIVED, the undersigned U.S Bank National Association, as successor trustee under the below referenced Indenture ("Assignor"), does hereby transfer, assign and convey unto African Methodist Episcopal Church, Inc. ("Assignee"), a Pennsylvania non-profit corporation, having an address of 512 8th Avenue, South, Nashville, Tennessee 37203, as the sole bondholder of the Bonds issued under the Indenture, all right, title and interest of the undersigned in and under:

(i)      that certain Loan Agreement dated as of August 1, 1996 by and between the Development Authority of Fulton County (the "Issuer") and Morris Brown College, a Georgia non-profit educational corporation ("Morris Brown"), as assigned by the Issuer to the Trustee pursuant to that related Trust Indenture (the "Indenture") dated as August 1, 1996 between the Issuer and the undersigned as Trustee (the "Loan Agreement");

(ii)      that certain Deed to Secure Debt and Security Agreement dated as of August 1, 1996 from Morris Brown to Issuer, recorded in Deed Book 21305, Page 224, Fulton County, Georgia, Superior Court Records, as assigned by Issuer to Trustee by the Indenture and by that certain Transfer and Assignment from Issuer to Trustee recorded in Deed Book 42058, Page 377, aforesaid records;

(iii)      that certain Deed to Secure Debt and Security Agreement dated as of January 25, 2007 from Morris Brown to Trustee, recorded in Deed Book 44359, Page 611, Fulton County, Georgia, Superior Court Records , as amended by Amendment to Deed to Secure Debt and Security Agreement between Morris Brown and Trustee dated August 23, 2007, recorded in Deed Book 45705, Page 7;

866470

(iv)    that certain Deed to Secure Debt, Security Agreement and Fixture Filing dated as of November 5, 2013 from Morris Brown to Trustee, recorded in Deed Book 53335, Page 603, Fulton County, Georgia, Superior Court Records;

(v)    UCC Financing Statement showing Morris Brown as debtor, and Citizens Trust Bank, as Trustee, as secured party, filed April 3, 2003, and recorded in Deed Book 34590, Page 192, Fulton County, Georgia, Superior Court Records; as amended to change name by that certain UCC Financing Statement Amendment from Citizens Trust Bank, as Trustee, to U.S. Bank National Association, as Trustee, filed August 2, 2004, and recorded in Deed Book 38142, Page 267, aforesaid records; as amended to change the name by that certain UCC Financing Statement Amendment from Citizens Trust Bank, as Trustee, to U.S. Bank National Association, as Trustee, filed March 17, 2008, and recorded in Deed Book 46474, Page 8, aforesaid records; as amended to continue by that certain UCC Financing Statement Amendment showing U.S. Bank National Association, as Trustee, as secured party, filed March 17, 2008, and recorded in Deed Book 46474, Page 9, aforesaid records; as amended to continue by that certain UCC Financing Statement Amendment showing U.S. Bank National Association, as Trustee, as secured party, filed January 15, 2013, and recorded in Deed Book 52142, Page 438, aforesaid records; and UCC Financing Statement No. 060-2003-04661 filed April 1, 2003 in Georgia's centralized Uniform Commercial Code records showing Citizens Trust Bank, as Trustee, as secured party, and Morris Brown, as debtor, as amended by Amendment No. 060-2004-009830 in the aforesaid records filed August 2, 2004 to substitute U.S. Bank National Association, as Trustee, as secured party, as continued by Amendment No. 060-2008-003105 in the aforesaid records filed March 20, 2008, and upon execution and recording of this instrument, the African Methodist Episcopal Church, Inc. shall have full power and authority to file amendments to and/or replacements of such financing statements as it deems proper reflecting such assignment; and

(v)    Order and Judgment granting Plaintiff's Motion for Summary Judgment entered against Morris Brown College on or about December 13, 2007 in the lawsuit styled *U.S. Bank National Association v. Morris Brown College*, Civil Action 2006 CV 114463 (Fulton Co. Superior Ct.) in the amount of (i) $10,715,000.00 in principal, (ii) interest of $1,925,160.26 as of October 17, 2007, with interest continuing to accrue at the rate of $2,195.09 a day from October 18, 2007 through the date of the judgment, (iii) Trustee's fees of $5,300.00, and (iv) attorneys' fees permitted pursuant to O.C.G.A. § 13-1-11 in the amount of $895,160.03, as continued by Notice Pursuant to O.C.G.A. § 9-12-60 to Prevent Dormancy of Judgment filed December 5, 2014.

Assignor warrants and represents to Assignee (i) that Assignor is the sole owner in its capacity as Trustee under the Indenture of the instruments, property, powers, rights, privileges and interests transferred and assigned hereby, and (ii) that all of Assignor's right, title and interest in such instruments are free and clear of any encumbrances and liens arising by, through or under Assignor.

This Transfer and Assignment shall be binding upon the undersigned, its successors, legal representatives and assigns, and shall inure to the benefit of African Methodist Episcopal Church, Inc., its successors, legal representatives and assigns.

**[Signatures Follow on Next Page]**

IN WITNESS WHEREOF, the undersigned acting by and through its duly authorized officers has caused this transfer and assignment to be executed under seal on this ___ day of _____, 2015.

Signed, sealed and delivered
in the presence of:

U.S. BANK NATIONAL ASSOCIATION

_____
Unofficial Witness

By: _____
      Name:  Sandra Spivey
      Title:  Vice President

_____
Notary Public
Commission Expiration Date:
_____

[NOTARY SEAL]

_____

SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

After recording return to:
Rogers & Hardin LLP
2700 International Tower
229 Peachtree Street NE
Atlanta, GA  30303-1601
Attention:  Richard H. Sinkfield, Esq.

STATE OF GEORGIA

COUNTY OF FULTON

### OMNIBUS AMENDMENT TO BOND DOCUMENTS

THIS OMNIBUS AMENDMENT TO BOND DOCUMENTS (hereinafter called the "Amendment") is made and entered into this _____ day of _____, 2015 by and between MORRIS BROWN COLLEGE, a non-profit educational corporation organized and existing under the laws of the State of Georgia (hereinafter called "Morris Brown") whose address is 643 Martin Luther King Jr. Drive, Atlanta, GA 30314, and AFRICAN METHODIST EPISCOPAL CHURCH, INC., a Pennsylvania non-profit corporation (hereinafter called "AME") whose address is 512 8th Avenue, South, Nashville, Tennessee 37203.  All capitalized, undefined terms used herein shall have the meaning ascribed to such terms in the hereinafter defined Note.

W I T N E S S E T H:  That,

WHEREAS, AME is the holder of 100% of the Development Authority of Fulton County Revenue Refunding Bonds (Morris Brown College Project), Series 1996 (the "Bonds"), in the original aggregate principal amount of $13,100,00.00 issued pursuant to that certain Trust Indenture, dated as of August 1, 1996 (the "Indenture"), between U.S. Bank National Association, as successor trustee to Citizens Trust Bank (the "Trustee"), and the Development Authority of Fulton County (the "Issuer");

WHEREAS, the Bonds are secured by:

(i)    that certain Loan Agreement dated as of August 1, 1996 by and between the Issuer and Morris Brown, as assigned by the Issuer to the Trustee pursuant to the Indenture (the "Loan Agreement"),

866365

(ii)     that certain Deed to Secure Debt and Security Agreement dated as of August 1, 1996 from Morris Brown to Issuer, recorded in Deed Book 21305, Page 224, Fulton County, Georgia, Superior Court Records, as assigned by Issuer to Trustee by the Indenture and by that certain Transfer and Assignment from Issuer to Trustee recorded in Deed Book 42058, Page 377, aforesaid records (said Deed to Secure Debt and Security Agreement, as amended, modified and assigned from time to time, collectively the "1996 Security Deed"),

(iii)    that certain Deed to Secure Debt and Security Agreement dated as of January 25, 2007 from Morris Brown to Trustee, recorded in Deed Book 44359, Page 611, aforesaid records, as amended by Amendment to Deed to Secure Debt and Security Agreement between Morris Brown and Trustee dated August 23, 2007, recorded in Deed Book 45705, Page 7, aforesaid records (as further amended, modified and assigned from time to time, collectively, the "2007 Security Deed"), and

(iv)    that certain Deed to Secure Debt, Security Agreement and Fixture Filing dated as of November 5, 2013 from Morris Brown to Trustee, recorded in Deed Book 53335, Page 603, aforesaid records (as amended, modified and assigned from time to time, the "2013 Security Deed") (the 1996 Security Deed, 2007 Security Deed and 2013 Security Deed are hereinafter collectively referred to as the "Security Deeds" and the Security Deeds and the Loan Agreement are hereinafter collectively referred to as the "Security Documents");

WHEREAS, Morris Brown filed for relief under Chapter 11 of the Bankruptcy Code on August 25, 2012, in the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division (the "Bankruptcy Court"), Case Number 12-71188-BEM (the "Bankruptcy Case");

WHEREAS, on _____, 2015, the Bankruptcy Court entered an order (the "Confirmation Order") confirming Morris Brown's Second Amended Chapter 11 Plan of Reorganization dated _____, 2015 (the "Amended Plan of Reorganization");

WHEREAS, the Amended Plan of Reorganization provides for AME to receive, in satisfaction of its remaining claims with respect to the Bonds and certain other indebtedness of Morris Brown to AME, that certain Secured Promissory Note effective as of _____, 2015 in the original principal sum of THREE MILLION FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($3,500,000.00) having a maturity date of _____, 2025 (the "Note"), to be secured by the Security Documents as amended hereby, and by certain other security instruments being simultaneously amended herewith;

WHEREAS, the Trustee has assigned its right, title and interest in [the Indenture and] the Security Documents to AME by Transfer and Assignment of Bond Documents dated _____, recorded in Deed Book _____, Page _____, aforesaid records;

WHEREAS, Morris Brown and AME desire to amend the Security Documents to secure the Note and otherwise as herein provided.

NOW, THEREFORE, for and in consideration of the sum of Ten and No/100 Dollars ($10.00), the acceptance of the Note in satisfaction of AME's remaining claims in the Bankruptcy Case and other valuable consideration, the receipt and sufficiency whereof are hereby acknowledged, Morris Brown and AME agree as follows:

1.     <u>Amendments to Security Deeds</u>.  Each of the Security Deeds is hereby amended as follows:

1.1     All references in the Security Deeds to the "Authority," the "Trustee" or the "Bond Investor" shall be a reference to and shall mean AME.

1.2    All references in the Security Deeds to the "Bonds" shall be a reference to and shall mean the Note.

1.3    The terms "Indebtedness" and "Secured Indebtedness" as used in and secured by each of the Security Deeds shall mean all amounts payable by Morris Brown pursuant to (i) the Note and all renewals and extensions thereof, (ii) the Loan Agreement, as amended hereby, and (iii) such Security Deed, as amended hereby, together with any advances by AME for the purposes of paying taxes or premiums on insurance on the Premises (as defined in such Security Deed) or to repair, maintain or improve the Premises.

1.4    The term "Event of Default" as used in each Security Deed shall mean an Event of Default as defined in the Note.

2.    <u>Amendments to Loan Agreement</u>.  The Loan Agreement is hereby amended as follows:

2.1    All references in the Loan Agreement to the "Authority," the "Trustee" or the "Bond Investor" shall be a reference to and shall mean AME.

2.2    All references in the Loan Agreement to the "Bonds" shall be a reference to and shall mean the Note.

2.3    The term "Loan Payments" as used in the Loan Agreement shall mean all payments due under the Note, which payments shall be paid to AME in accordance with the terms of the Note.

2.4    The term "Agreement Term" as used in the Loan Agreement shall mean the period commencing on the Effective Date of and as defined in the Note and continuing until the Note is paid in full, unless terminated sooner pursuant to the terms of the Note and Loan Agreement.

2.5    The term "Event of Default" as used in the Loan Agreement shall mean an Event of Default as defined in the Note.

2.6    Those provisions of the Loan Agreement relating to issuance of the Bonds and deposit of funds with the Trustee shall no longer have any force or effect, such provisions having been superseded by issuance of the Note and the payments to be made thereon.

2.7    Clause (ii) of Section 5.13 of the Loan Agreement requiring 1.25X debt service coverage is hereby deleted.

3.    <u>Morris Brown's Representations and Warranties</u>

Morris Brown represents and warrants to AME as follows:

3.1    Morris Brown is a nonprofit corporation duly organized and existing and in good standing under the laws of the State of Georgia and has the corporate power and authority to enter into this Amendment and, by proper corporate action and pursuant to the Confirmation Order, has duly authorized the execution and delivery of this Amendment.  This Amendment has been executed by Morris Brown, and the Security Documents, as amended herby, constitute the valid, binding and enforceable obligations of Morris Brown, except as such enforceability may be limited by bankruptcy, insolvency, reorganization, moratorium or other similar laws affecting the

enforcement of creditors' rights generally and principles of equity applicable to the availability of specific performance or other equitable relief.

      3.2    Neither the execution and delivery of this Amendment, the consummation of the transactions contemplated hereby, nor the fulfillment of or compliance with the terms and conditions of the Security Documents, as amended hereby, conflict with or result in a breach of any of the terms, conditions or provisions of any corporate restriction or any agreement or instrument to which Morris Brown is now a party or by which it is bound, or constitute a default under any of the foregoing, or result in the creation or imposition of any lien, charge or encumbrance of any nature whatsoever upon any of the property or assets of Morris Brown under the terms of any instrument or agreement other than the Security Documents, as amended hereby.

4.    <u>Miscellaneous</u>

      4.1    This Amendment shall inure to the benefit of and be binding upon Morris Brown and AME and their respective successors and assigns as the context may permit or require. Whenever a reference is made in this Amendment to Morris Brown or AME, such reference shall be deemed to include a reference to the successors and assigns of Morris Brown or AME, as the case may be.

      4.2    In the event of any conflict between the terms of any of the Security Documents, as amended hereby, and the terms of the Note, the terms of the Note shall control and be given effect.

      4.3    If any provisions of the Security Documents, as amended hereby, or the application thereof to any person or circumstance shall be invalid or unenforceable to any extent, the remainder of such Security Documents, as amended hereby, and the application of such provisions to other persons or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

      4.4    This Amendment shall be interpreted, construed and enforced according to the laws of the State of Georgia.

      4.5    Any and all notices, elections or demands permitted or required to be made under this Amendment or the Security Documents, as amended hereby, shall be given as provided in the Note.

      4.6    Except as expressly provided in this Amendment, all terms, covenants and conditions of the Security Documents shall remain in full force and effect, and are hereby ratified, confirmed and acknowledged by Morris Brown.

*[Signature pages follow.]*

IN WITNESS WHEREOF, Morris Brown and AME have executed this Amendment under seal, as of the day and year first written above.

Signed, sealed and delivered
in the presence of:

MORRIS BROWN COLLEGE

By: _____

_____
Witness

     Name:
     Title:

_____
Notary Public
My Commission Expires:

Attest: _____

_____

     Name:
     Title:

(NOTARY SEAL)

(CORPORATE SEAL)

*[Signatures continued on next page.]*

Signed, sealed and delivered
in the presence of:

AFRICAN METHODIST EPISCOPAL
CHURCH, INC.

By: _____

    Name:

    Title:

_____
Witness

_____
Notary Public
My Commission Expires:

_____

Attest: _____

    Name:

    Title:

(NOTARY SEAL)

(CORPORATE SEAL)

_____
SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

After recording return to:
Rogers & Hardin LLP
2700 International Tower
229 Peachtree Street NE
Atlanta, GA  30303-1601
Attention:  Richard H. Sinkfield, Esq.

STATE OF GEORGIA

COUNTY OF FULTON

<u>OMNIBUS AMENDMENT TO LOAN DOCUMENTS</u>

THIS OMNIBUS AMENDMENT TO LOAN DOCUMENTS (hereinafter called the "Amendment") is made and entered into this ____ day of _____, 2015 by and between MORRIS BROWN COLLEGE, a non-profit educational corporation organized and existing under the laws of the State of Georgia (hereinafter called "Morris Brown") whose address is 643 Martin Luther King Jr. Drive, Atlanta, GA  30314, and AFRICAN METHODIST EPISCOPAL CHURCH, INC., a Pennsylvania non-profit corporation (hereinafter called "AME") whose address is 512 8th Avenue, South, Nashville, Tennessee 37203.  All capitalized, undefined terms used herein shall have the meaning ascribed to such terms in the hereinafter defined Note.

W I T N E S S E T H:  That,

WHEREAS, AME is the holder of the indebtedness in the original principal amount of $2,500,000 secured by:

(i)      that certain Security Deed and Agreement from Morris Brown to Capital Mortgage Corporation, a Georgia corporation (as to an 85% undivided interest), First Financial Funding, Inc., a Georgia corporation (as to a 10% undivided interest) and Prime Equity Lending, Inc., a Georgia corporation (as to a 5% undivided interest), dated February 16, 2005, filed February 17, 2005, and recorded in Deed Book 39417, Page 162, Fulton County, Georgia records; as assigned by that certain Transfer and Assignment of Notes, Deeds to Secure Debt and Other Collateral Loan Documents from Capital Mortgage Corporation, a Georgia corporation, to Riverside Bank, dated February 22, 2005, filed June 17, 2005, and recorded in Deed Book 40260, Page 87, aforesaid records; as assigned by that certain

866424

Transfer and Assignment of Notes, Deeds to Secure Debt and Other Collateral Loan Documents from First Financial Funding, Inc., a Georgia corporation, to Riverside Bank, dated February 22, 2005, filed August 15, 2005, and recorded in Deed Book 40684, Page 531, aforesaid records; as assigned by that certain Transfer and Assignment from Bank of North Georgia, successor-in-interest to Riverside Bank, to Capital Mortgage Corporation, a Georgia corporation, dated April 12, 2006, filed April 14, 2006, and recorded in Deed Book 42369, Page 89, aforesaid records; as assigned by that certain Transfer and Assignment from Bank of North Georgia, successor-in-interest to Riverside Bank, to First Financial Funding, Inc., a Georgia corporation, dated April 12, 2006, filed April 14, 2006, and recorded in Deed Book 42369, Page 91, aforesaid records; as assigned by that certain Transfer and Assignment of Security Deed and Agreement, Assignment of Leases and Rents, and Other Loan Documents from Capital Mortgage Corporation, First Financial Funding, Inc. and Prime Equity Lending, Inc. to AME, dated April 13, 2006, filed April 14, 2006, and recorded in Deed Book 42369, Page 93, aforesaid records (as amended, modified and assigned from time to time, the "Security Deed"), and

(ii)    that certain Assignment of Leases and Rents from Morris Brown to Capital Mortgage Corporation, a Georgia corporation (as to a 85% undivided interest), First Financial Funding, Inc., a Georgia corporation (as to a 10% undivided interest) and Prime Equity Lending, Inc., a Georgia corporation (as to a 5% undivided interest), dated February 16, 2005, filed February 17, 2005, and recorded in Deed Book 39417, Page 175, aforesaid records; as assigned by that certain Transfer and Assignment of Notes, Deeds to Secure Debt and Other Collateral Loan Documents from Capital Mortgage Corporation, a Georgia corporation, to Riverside Bank, dated February 22, 2005, filed June 17, 2005, and recorded in Deed Book 40260, Page 87, aforesaid records; as assigned by that certain Transfer and Assignment of Notes, Deeds to Secure Debt and Other Collateral Loan Documents from First Financial Funding, Inc., a Georgia corporation, to Riverside Bank, dated February 22, 2005, filed August 15, 2005, and recorded in Deed Book 40684, Page 531, aforesaid records; as assigned by that certain Transfer and Assignment from Bank of North Georgia, successor-in-interest to Riverside Bank, to Capital Mortgage Corporation, a Georgia corporation, dated April 12, 2006, filed April 14, 2006, and recorded in Deed Book 42369, Page 89, aforesaid records; as assigned by that certain Transfer and Assignment from Bank of North Georgia, successor-in-interest to Riverside Bank to First Financial Funding, Inc., a Georgia corporation, dated April 12, 2006, filed April 14, 2006, and recorded in Deed Book 42369, Page 91, aforesaid records; as assigned by that certain Transfer and Assignment of Security Deed and Agreement, Assignment of Leases and Rents, and Other Loan Documents from Capital Mortgage Corporation, First Financial Funding, Inc. and Prime Equity Lending, Inc. to AME, dated April 13, 2006, filed April 14, 2006, and recorded in Deed Book 42369, Page 93, aforesaid records (as amended, modified and assigned from time to time, the "Assignment of Leases") (the Security Deed and the Assignment of Leases are hereinafter collectively referred to as the "Security Documents");

WHEREAS, Morris Brown filed for relief under Chapter 11 of the Bankruptcy Code on August 25, 2012, in the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division (the "Bankruptcy Court"), Case Number 12-71188-BEM (the "Bankruptcy Case");

WHEREAS, on _____, 2015, the Bankruptcy Court entered an order (the "Confirmation Order") confirming Morris Brown's Second Amended Chapter 11 Plan of Reorganization dated _____, 2015 (the "Amended Plan of Reorganization");

WHEREAS, the Amended Plan of Reorganization provides for AME to receive, in satisfaction of its remaining claims with respect to the indebtedness secured by the Security Documents and certain other indebtedness of Morris Brown to AME, that certain Secured Promissory Note effective as of _____, 2015 in the original principal sum of THREE MILLION FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($3,500,000.00) having a maturity date of _____, 2025 (the "Secured Note"), to be

secured by the Security Documents as amended hereby, and by certain other security instruments being simultaneously amended herewith;

WHEREAS, Morris Brown and AME desire to amend the Security Documents to secure the Note and otherwise as herein provided.

NOW, THEREFORE, for and in consideration of the sum of Ten and No/100 Dollars ($10.00), the acceptance of the Note in satisfaction of AME's remaining claims in the Bankruptcy Case and other valuable consideration, the receipt and sufficiency whereof are hereby acknowledged, Morris Brown and AME agree as follows:

1.  Amendments to Security Deed.  The Security Deed is hereby amended as follows:

    1.1   All references in the Security Deed to the "Note" shall be a reference to and shall mean the Secured Note, and the repayment of the Secured Note shall be secured by and as provided in the Security Deed.

    1.2   Upon the occurrence of an Event of Default as defined in the Note, Morris Brown shall be in default under the Security Deed, and AME shall be entitled to accelerate the Secured Note and to exercise all rights and remedies it may have under the Security Deed or at law, including the power of sale.

2.  Amendments to Assignment of Leases.  The Assignment of Leases is hereby amended as follows:

    2.1   All references in the Assignment of Leases to the "Note" shall be a reference to and shall mean the Secured Note.

    2.2   The term "Indebtedness" as used in and secured by the Assignment of Leases shall mean all amounts payable by Morris Brown pursuant to the Secured Note, the Security Deed, as amended hereby, or any other Loan Document (as defined in the Assignment of Leases).

    2.3   The term "Event of Default" as used in the Assignment of Leases shall mean an Event of Default as defined in the Secured Note.

3.  Morris Brown's Representations and Warranties

Morris Brown represents and warrants to AME as follows:

    3.1   Morris Brown is a nonprofit corporation duly organized and existing and in good standing under the laws of the State of Georgia and has the corporate power and authority to enter into this Amendment and, by proper corporate action and pursuant to the Confirmation Order, has duly authorized the execution and delivery of this Amendment.  This Amendment has been executed by Morris Brown, and the Security Documents, as amended herby, constitute the valid, binding and enforceable obligations of Morris Brown, except as such enforceability may be limited by bankruptcy, insolvency, reorganization, moratorium or other similar laws affecting the enforcement of creditors' rights generally and principles of equity applicable to the availability of specific performance or other equitable relief.

    3.2   Neither the execution and delivery of this Amendment, the consummation of the transactions contemplated hereby, nor the fulfillment of or compliance with the terms and

-3-

conditions of the Security Documents, as amended hereby, conflict with or result in a breach of any of the terms, conditions or provisions of any corporate restriction or any agreement or instrument to which Morris Brown is now a party or by which it is bound, or constitute a default under any of the foregoing, or result in the creation or imposition of any lien, charge or encumbrance of any nature whatsoever upon any of the property or assets of Morris Brown under the terms of any instrument or agreement other than the Security Documents, as amended hereby.

4.    <u>Miscellaneous</u>

    4.1    This Amendment shall inure to the benefit of and be binding upon Morris Brown and AME and their respective successors and assigns as the context may permit or require. Whenever a reference is made in this Amendment to Morris Brown or AME, such reference shall be deemed to include a reference to the successors and assigns of Morris Brown or AME, as the case may be.

    4.2    In the event of any conflict between the terms of any of the Security Documents, as amended hereby, and the terms of the Secured Note, the terms of the Secured Note shall control and be given effect.

    4.3    If any provisions of the Security Documents, as amended hereby, or the application thereof to any person or circumstance shall be invalid or unenforceable to any extent, the remainder of such Security Documents, as amended hereby, and the application of such provisions to other persons or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

    4.4    This Amendment shall be interpreted, construed and enforced according to the laws of the State of Georgia.

    4.5    Any and all notices, elections or demands permitted or required to be made under this Amendment or the Security Documents, as amended hereby, shall be given as provided in the Secured Note.

    4.6    Except as expressly provided in this Amendment, all terms, covenants and conditions of the Security Documents shall remain in full force and effect, and are hereby ratified, confirmed and acknowledged by Morris Brown.

*[Signature pages follow.]*

IN WITNESS WHEREOF, Morris Brown and AME have executed this **Amendment** under seal, as of the day and year first written above.

Signed, sealed and delivered
in the presence of:

MORRIS BROWN COLLEGE

By: _____

_____

Witness

Name: _____
Title: _____

_____

Notary Public
My Commission Expires:

Attest: _____

_____

Name: _____
Title: _____

(NOTARY SEAL)

(CORPORATE SEAL)

*[Signatures continued on next page.]*

Signed, sealed and delivered
in the presence of:

AFRICAN METHODIST EPISCOPAL
CHURCH, INC.

By: _____
      Name:
      Title:

_____
Witness

Attest: _____
       Name:
       Title:

_____
Notary Public
My Commission Expires:
_____

(NOTARY SEAL)

(CORPORATE SEAL)

SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

After recording return to:
Rogers & Hardin LLP
2700 International Tower
229 Peachtree Street NE
Atlanta, GA 30303-1601
Attention: Richard H. Sinkfield, Esq.


STATE OF GEORGIA
COUNTY OF FULTON

### TRANSFER AND ASSIGNMENT OF INDENTURE

FOR VALUE RECEIVED, the undersigned Citizens Trust Bank, as trustee under the below referenced Indenture ("Assignor") does hereby transfer, assign and convey unto African Methodist Episcopal Church, Inc. ("Assignee"), a Pennsylvania non-profit corporation, having an address of 512 8th Avenue, South, Nashville, Tennessee 37203, as the sole bondholder of the Bonds issued under the Indenture, all right, title and interest of the undersigned in and under:

(i) that certain Trust Indenture (the "Indenture"), dated as of May 1, 1970, between Citizens Trust Bank, a Georgia banking association, as Trustee (formerly known as Citizens Trust Company), and Morris Brown College, a Georgia non-profit educational corporation, recorded at Deed Book 2571, Page 1, Fulton County, Georgia, Superior Court Records, re-recorded at Deed Book 5373, Page 110, aforesaid records, and

(ii) UCC Financing Statement No. 060-2010-01338 filed February 17, 2010 in Georgia's centralized Uniform Commercial Code records showing Citizens Trust Bank, as Trustee, as secured party and Morris Brown College, as debtor, and upon execution and recording of this instrument, African Methodist Episcopal Church, Inc. shall have full power and authority to file amendments to and/or replacements of such financing statements as it deems proper reflecting such assignment.

Assignor warrants and represents to Assignee (i) that Assignor is the sole owner in its capacity as Trustee under the Indenture of the instruments, property, powers, rights, privileges and interests transferred and assigned hereby, and (ii) that all of Assignor's right, title and interest in such instruments are free and clear of any encumbrances and liens arising by, through or under Assignor.

866471

IN WITNESS WHEREOF, the undersigned acting by and through its duly authorized officers has caused this transfer and assignment to be executed under seal on this ___ day of _____, 2015.

Signed, sealed and delivered
in the presence of:

CITIZENS TRUST BANK

_____

Unofficial Witness

By: _____

     Name:

     Title:

_____

Notary Public
Commission Expiration Date:

_____

[NOTARY SEAL]

SPACE ABOVE THIS LINE FOR RECORDER'S USE ONLY

After recording return to:
Rogers & Hardin LLP
2700 International Tower
229 Peachtree Street NE
Atlanta, GA  30303-1601
Attention:  Richard H. Sinkfield, Esq.

STATE OF GEORGIA

COUNTY OF FULTON

## AMENDMENT TO TRUST INDENTURE

THIS AMENDMENT TO TRUST INDENTURE (hereinafter called the "Amendment") is made and entered into this _____ day of _____, 2015 by and between MORRIS BROWN COLLEGE, a non-profit educational corporation organized and existing under the laws of the State of Georgia (hereinafter called "Morris Brown") whose address is 643 Martin Luther King Jr. Drive, Atlanta, GA 30314, and AFRICAN METHODIST EPISCOPAL CHURCH, INC., a Pennsylvania non-profit corporation (hereinafter called "AME") whose address is 512 8th Avenue, South, Nashville, Tennessee 37203.  All capitalized, undefined terms used herein shall have the meaning ascribed to such terms in the hereinafter defined Note.

W I T N E S S E T H: That,

WHEREAS, AME is the holder of 100% of the Morris Brown College Housing and Auxiliary Facility Bonds of 1970 Series A, B, C, D and E (the "Bonds"), in the original aggregate principal amount of $4,485,000 issued pursuant to that certain Trust Indenture, dated as of May 1, 1970 (the "Indenture"), between Citizens Trust Bank, formerly known as Citizens Trust Company (the "Trustee"), and Morris Brown recorded at Deed Book 2571, Page 1, Fulton County, Georgia, Superior Court Records, re-recorded at Deed Book 5373, Page 110, aforesaid records.

WHEREAS, the Bonds are secured as provided in the Indenture, including the granting clauses on pages 47 through 51 thereof (recorded in Deed Book 5373, Pages 159-163, aforesaid records);

866446

WHEREAS, Morris Brown filed for relief under Chapter 11 of the Bankruptcy Code on August 25, 2012, in the United States Bankruptcy Court, Northern District of Georgia, Atlanta Division (the "Bankruptcy Court"), Case Number 12-71188-BEM (the "Bankruptcy Case");

WHEREAS, on _____, 2015, the Bankruptcy Court entered an order (the "Confirmation Order") confirming Morris Brown's Second Amended Chapter 11 Plan of Reorganization dated _____, 2015 (the "Amended Plan of Reorganization");

WHEREAS, the Amended Plan of Reorganization provides for AME to receive, in satisfaction of its remaining claims with respect to the Bonds and certain other indebtedness of Morris Brown to AME, that certain Secured Promissory Note effective as of _____, 2015 in the original principal sum of THREE MILLION FIVE HUNDRED THOUSAND AND NO/100 DOLLARS ($3,500,000.00) having a maturity date of _____, 2025 (the "Note"), to be secured by the Indenture as amended hereby and by certain other security instruments being simultaneously amended herewith;

WHEREAS, the Trustee has assigned its right, title and interest in and under the Indenture to AME by Transfer and Assignment of Indenture dated _____, recorded in Deed Book _____, Page _____, aforesaid records;

WHEREAS, Morris Brown and AME desire to amend the Indenture to secure the Note and otherwise as herein provided.

NOW, THEREFORE, for and in consideration of the sum of Ten and No/100 Dollars ($10.00), the acceptance of the Note in satisfaction of AME's remaining claims in the Bankruptcy Case and other valuable consideration, the receipt and sufficiency whereof are hereby acknowledged, Morris Brown and AME agree as follows:

1.    Amendment to Indenture.  The Indenture is hereby amended as follows:

1.1    All references in the Indenture to the "Authority," the "Trustee" or the "Bondholders" shall be a reference to and shall mean AME.

1.2    All references in the Indenture to the "Bonds" shall be a reference to and shall mean the Note.

1.3    The indebtedness and obligations secured by the Indenture shall mean all amounts payable by Morris Brown pursuant to the Note and all renewals and extensions thereof, and the payment and performance of all obligations of Morris Brown under the Note and the Indenture, as amended hereby.

1.4    The term "event of default" as used in the Indenture shall mean an Event of Default as defined in the Note.

1.5    Those provisions of the Indenture relating to issuance of the Bonds and deposit of funds with the Trustee shall no longer have any force or effect, such provisions having been superseded by issuance of the Note and the payments to be made thereon.

2.    Morris Brown's Representations and Warranties

Morris Brown represents and warrants to AME as follows:

2.1     Morris Brown is a nonprofit corporation duly organized and existing and in good standing under the laws of the State of Georgia and has the corporate power and authority to enter into this Amendment and, by proper corporate action and pursuant to the Confirmation Order, has duly authorized the execution and delivery of this Amendment.  This Amendment has been executed by Morris Brown, and the Indenture, as amended herby, constitutes the valid, binding and enforceable obligations of Morris Brown, except as such enforceability may be limited by bankruptcy, insolvency, reorganization, moratorium or other similar laws affecting the enforcement of creditors' rights generally and principles of equity applicable to the availability of specific performance or other equitable relief.

2.2     Neither the execution and delivery of this Amendment, the consummation of the transactions contemplated hereby, nor the fulfillment of or compliance with the terms and conditions of the Indenture, as amended hereby, conflict with or result in a breach of any of the terms, conditions or provisions of any corporate restriction or any agreement or instrument to which Morris Brown is now a party or by which it is bound, or constitute a default under any of the foregoing, or result in the creation or imposition of any lien, charge or encumbrance of any nature whatsoever upon any of the property or assets of Morris Brown under the terms of any instrument or agreement other than the Indenture, as amended hereby.

3.    Miscellaneous

3.1     This Amendment shall inure to the benefit of and be binding upon Morris Brown and AME and their respective successors and assigns as the context may permit or require. Whenever a reference is made in this Amendment to Morris Brown or AME, such reference shall be deemed to include a reference to the successors and assigns of Morris Brown or AME, as the case may be.

3.2     In the event of any conflict between the terms of any of the Indenture , as amended hereby, and the terms of the Note, the terms of the Note shall control and be given effect.

3.3     If any provisions of the Indenture , as amended hereby, or the application thereof to any person or circumstance shall be invalid or unenforceable to any extent, the remainder of such Indenture , as amended hereby, and the application of such provisions to other persons or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

3.4     This Amendment shall be interpreted, construed and enforced according to the laws of the State of Georgia.

3.5     Any and all notices, elections or demands permitted or required to be made under this Amendment or the Indenture , as amended hereby, shall be given as provided in the Note.

3.6     Except as expressly provided in this Amendment, all terms, covenants and conditions of the Indenture shall remain in full force and effect, and are hereby ratified, confirmed and acknowledged by Morris Brown.

*[Signature pages follow.]*

IN WITNESS WHEREOF, Morris Brown and AME have executed this Amendment under seal, as of the day and year first written above.

Signed, sealed and delivered
in the presence of:

MORRIS BROWN COLLEGE

By: _____

_____
Witness

     Name: _____
     Title: _____

_____
Notary Public
My Commission Expires:
_____

Attest: _____

     Name: _____
     Title: _____

(NOTARY SEAL)

(CORPORATE SEAL)

*[Signatures continued on next page.]*

Signed, sealed and delivered                      AFRICAN METHODIST EPISCOPAL
in the presence of:                               CHURCH, INC.


_____         By: _____
Witness                                          Name:
                                                 Title:


_____         Attest: _____
Notary Public                                    Name:
My Commission Expires:                           Title:
_____

(NOTARY SEAL)                                     (CORPORATE SEAL)

## **DISTRIBUTION LIST**

| | | |
|---|---|---|
| U.S. Bank National Association c/o Sandra Spivery, VP  Nevada Financial Center 2300 W. Sahara, Suite 200 Las Vegas, Nevada 89102 | U.S. Bank National Association c/o Robert M.D. Mercer, Esq. Bryan Cave Powell Goldstein LLP One Atlantic Center – 14 Floor 1201 West Peachtree Street, NW Atlanta, GA 30309 | A.M.E. Church Finance Department 1134 11th Street NW Washington, DC 20001 |
| A.M.E. Church Finance Department 512 8th Avenue, South Nashville, TN 37203 | A.M.E. Church Finance Department c/o Ashley Reynolds Ray, Esq. J. Robert Williamson, Esq. Scroggins & Williamson 1500 Candler Building 127 Peachtree Street, NE Atlanta, GA 30303 | U.S. Department of Education, c/o Mark Somerville, Loan Specialist Institutional Service 1990 K Street NW Washington, DC 20006 |
| David E. Todd Atlanta Regional Counsel U.S. Department of Commerce Economic Development Administration 401 West Peachtree, N.W., Suite 1820 Atlanta, GA 30308 | Commerce & Industry Insurance, c/o James W. Hays, Esq. Gonzalez Saggio & Harlan LLP 3353 Peachtree Road N.E. Suite 920 Atlanta, Georgia 30326 | Commercial Plumbing, Inc. c/o Jack Avery 100 Creekside Industrial Ct, Ste C Lawrenceville, GA 30043 |
| Gloria L. Anderson 560 Lynn Valley Rd SW Atlanta GA 30311 | Stacey Barrett 702 MLK Jr. Drive SW # 402, Atlanta, GA 30314 | Todd Blackburn 230 Pine Knoll Court Ellenwood, GA 30294 |
| Joe B. Brown 6950 Stone Breeze Dr. Stone Mountain, GA 30087 | Edward Butler 2505 Columbia Dr. N-5 Decatur, GA 30034 | Hector C. Butts 3266 Wyndham Parkway Decatur, GA 30034 |
| Vivian El-Amin 1344 Cascade Falls Ct Atlanta, GA 30311 | Terronce Estell II 2158 Larchwood St. Atlanta, GA 30310 | Nasrolah R. Farokhi 1644 Arbor Green Ct., NW Kennesaw, GA 30152 |
| Anissa Ferrell P.O. Box 4745 Atlanta, GA 30314 | Ruth Glover 462 West Kildare Ave NW Atlanta, GA 30318 | JoAnn Googer 2632 Patrick Ct SE Atlanta, GA 30317 |
| Bettye Howard-Whitfield 3554 Fairburn Place Atlanta, GA 30331 | Robert Johnson 1333 Stillwood Drive Atlanta, GA 30306 | Jamie V. Mitchell 1310 Aniwaka Ave., SW Atlanta, GA 30311 |
| Sandra Patman 2601 Plantation Dr. East Point, GA 30344 | Eddie W. Peacock 1312 M. L. King Dr. SW Atlanta, GA 30314 | Calvin Pender 3018 Harvest Ridge Decatur Georgia 30032 |
| Jacqueline Pollard 4725 Walton Crossing SW Apt. 2119 Atlanta, GA 30331 | Stanley J. Prichett 523 Monteagle Trace Stone Mountain, GA 30087 | Lee A. Ransaw 501 Breakwater Terrace, Stone Mountain, GA 30087 |
| Alice Rhoades-Hinsley 4460 Lovridge Dr., SW Atlanta, GA 30331 | Toledy A. Riley 462 West Kildare Ave., NW Atlanta, GA 30318 | Ambrose Sartee 1895 Jamaitis Way Conley, GA 30288 |

| | | |
|---|---|---|
| Mattie Sherrell<br>4670 Santa Fe Trail SW<br>Atlanta, GA 30331 | Esmond Skeete<br>6588 Pole Creek Dr.<br>Lithonia, GA 30058 | Geoffrey Thompson<br>c/o Morris Brown College,<br>643 Martin Luther King Jr. Dr. SW,<br>Atlanta, GA 30314 |
| Geoffrey Thompson<br>Dorm Director of Wilkes Hall<br>490 Reid St.<br>Orangeburg, SC 29115 | William Vickers<br>644 Skipper Drive NW<br>Atlanta, GA 30318 | Tamika Morrison<br>1042 Avonbreeze Ct.<br>Stone Mountain, GA 30083 |
| Sheadrick Stevenson<br>3874 Saddleridge Dr.<br>Lithonia, GA 30038 | Juan Woods<br>604 Spring Creek Ln<br>Atlanta, GA 30350 | Premier Contract Carpet<br>c/o William H. Arroyo<br>William H. Arroyo Associates, Esq.<br>4228 First Ave., Suite 10<br>Tucker, GA 30084 |
| Mechanical & Plumbing Solutions<br>c/o S. Jeffrey Rusbridge, Esq.<br>Dyer & Rusbridge, PC<br>291 E. Main St.<br>Canton, GA 30114 | Patricia Buchanan, CEO, President and<br>Registered Agent<br>Mechanical & Plumbing Solutions, Inc.<br>756 Wagers Mill Rd.<br>Newnan, GA 30263 | General Electric<br>3135 Easton Turnpike<br>Fairfield, CT 06828 |
| Internal Revenue Service<br>Department of Treasury<br>PO Box 7346<br>2970 Market St.<br>Phila., PA 19101 | Georgia Department of Revenue Compliance<br>Division Bankruptcy Section<br>1800 Century Blvd NE, Ste 17200 Atlanta,<br>GA 30345 | Georgia Department of Revenue<br>c/o Elizabeth A. Harris, Esq.<br>Robin J. Leigh, Esq.<br>Georgia Department of Law<br>40 Capitol Square, SW<br>Atlanta, GA 30334 |
| Acme Cleaning & Consultant,<br>8380 Dawn Dr.,<br>Jonesboro, GA 30236 | Acosta Technologies<br>4002 Hwy 78<br>Suite 530-307<br>Snellville, GA 30039-3977 | ADP Inc.<br>5680 New Northside Drive<br>Atlanta, GA 30328 |
| ADT Security Services, Inc.<br>14200 E Exposition Ave,<br>Aurora, CO 80012 | All Pro Turf<br>675 Legend Court, SW<br>Atlanta, GA 30331-6377 | BellSouth Telecommunications, Inc.<br>(AT&T Services, Inc.) c/o Karen<br>Cavagnaro, One AT&T Way, Room<br>3A 231, Bedminster, NJ 07921 |
| AT&T Services, Inc.<br>c/o James Grudus, Esq.,<br>One AT&T Way, Room 3A 218,<br>Bedminster, NJ 07921 | Bank of America<br>c/o William DuPre, IV, Miller & Martin<br>PLLC<br>1170 Peachtree St. NE, Ste 800, Atlanta<br>30309 | Barbara Waymer<br>4639 Ravenwood Loop<br>Union City, GA 30291 |
| Jabir Bashir<br>430 Hillside Drive<br>Atlanta, GA 30310 | Albert Berkoh<br>P.O. Box 733<br>Princeton, WV 24740 | Brandy Gray<br>3650 Hershel Place<br>Atlanta, GA 30349-1325 |
| Maurice K. Campbell<br>409 Harlan Rd. SW<br>Atlanta, GA 30311 | Cintas Fire Protection<br>1705 Corporate Dr.<br>Ste 440<br>Norcross, GA 30093 | Comcast<br>Comcast One<br>Comcast CTR<br>Philadelphia, PA 19103 |
| Daktronics<br>201 Daktronics Dr.<br>Brookings, SD 57006-5128 | Iris Davidson<br>287 Lincoln St. S.W.<br>Atlanta, GA 30315 | Dill Printing Co.<br>1729 S. Alvaredo Terrace, SW<br>Atlanta, GA 30311 |

11

| | | |
|---|---|---|
| Divine Fulfillment Institute<br>P.O. Box 778<br>Pine Lake, GA 30072-0788 | Leroy Frazier<br>P.O. Box 788<br>Pine Lake, GA 30072-0788 | Elevator Specialist<br>1244 Techwood Dr. NW<br>Atlanta, GA 30318 |
| E-Vision Inc.<br>1135 Grande-Alle<br>Ouest-Office 310<br>Quebec, QC G1S 1E7 | Vendolyn Frazier<br>5795 Penfield Place<br>College Park, GA 30349 | Shirley A Hoover<br>2616 Kimmeridge Dr.<br>East Point, GA 30344 |
| Fulton County Tax Commissioners<br>141 Pryor Street<br>Suite 1113<br>Atlanta, GA 30303-3566 | Fulton County Tax Commissioners<br>c/o Pat D. Dixon Jr., Esq.<br>Fulton County Attorney's Office<br>Suite 4038<br>141 Pryor Street<br>Atlanta, GA 30303 | GE Capital<br>901 Main Ave<br>Norwalk, Ct., 06828 |
| Georgia Power Company<br>c/o C. Jordan Myers, Esq.<br>McGuireWood LLP<br>1230 Peachtree St., Suite 2100<br>Atlanta, GA 30309-3534 | Lolita Grant<br>3780 Misty Lake<br>Ellenwood, GA 30294 | Joe A. Haynie<br>109 Talon Place<br>McDonough, GA 30253 |
| Johnson Controls<br>5757 N. Green Bay Ave.<br>Milwaukee, WI 53209 | Henry Johnson<br>3958 Fennel Circle<br>Atlanta, GA 30331 | Marvin King<br>2155 Highpoint Trail<br>Atlanta, GA 30331 |
| Daymond L. Langford<br>6833 South Lakewood Terrace<br>Douglasville, GA 30135 | Law Enforcement System Inc.<br>930 W 5th Ave<br>Corsicana, TX 75151-1835 | Sheila Lewis<br>210 Auburn Avenue #110<br>Atlanta, GA 30303 |
| Mack Plumbing Parts<br>2870 Forrest Hills Dr., SW<br>Atlanta, GA 30315 | MobileCause LLC<br>5023 N. Parkway Calabasas<br>Calabasas, CA 91302-1421 | Office of Research Financial Services<br>Georgia State University<br>260 University Ctr.<br>Atlanta, GA 30302-3999 |
| Alix Pierre<br>55 Maple Street NW #809<br>Atlanta, GA 30314 | Eustache Placide<br>5918 Bobbin Ln<br>Lithonia, GA 30058 | Republic Services<br>18500 N. Allied Way<br>Phoenix, AZ 82054 |
| Ri-Tec<br>3126 Moon Station Road NW<br>Kennesaw, GA 30144 | Robert W. Woodruff Library<br>Atlanta University Center<br>111 James P. Brawley Drive SW<br>Atlanta, GA 30314-4207 | Robert W. Woodruff Library<br>c/o Paul M. Baiser, Esq.<br>Seyfarth Shaw LLP<br>Suite 2500<br>1075 Peachtree Street, NE<br>Atlanta, GA 30309 |
| Sports Authority<br>1050 W. Hampden Ave.<br>Englewood, CO 80110 | Systel<br>1171 Hidden Brook Lane<br>Suwanee, GA 30024-4602 | T&R Mechanical Contractors<br>1740 Campbell Ives Dr., SW<br>Lawrenceville, GA 30045 |
| Prime Professional Consult<br>5614 Waldens Farm Dr.<br>Powder Springs, GA 30127 | Telecheck Services Inc.<br>5251 Westheimer<br>Ste 1000<br>Houston, TX 77056 | Grace Terrell-McCoy<br>2115 Fern Valley Dr, SW<br>Atlanta, GA 30331 |

12

118120816_1

| | | |
|---|---|---|
| DACA VI LLC (Formerly The Communique Group)<br>1565 Hotel Circle South #310<br>San Diego, CA 92108 | Thomas HVAC<br>1418 Lilburn Stn. Mtn. Road<br>Stone Mountain, GA 30087 | Thomas Contracting Inc.<br>1418 Lilburn Stone Mountain Rd.,<br>Stone Mountain, GA 30087-2409 |
| T-Mobile<br>12920 SE 38th St<br>Bellevue, WA 98006 | Toshiba Business Solutions<br>2 Music<br>Irvine, CA 92618 | Toshiba Financial Services<br>2 Music<br>Irvine, CA 92618 |
| DACA VI LLC (Formerly Turner Theological Seminary), 1565 Hotel Circle South #310, San Diego, CA 92108 | Virgie David<br>656 Ferris St.<br>Atlanta, GA 30310 | Maxine Wright<br>1633 Samantha Place<br>Marietta, GA 30008-8807 |
| Lucius Williams<br>820 Chapman Circle<br>Stone Mountain, GA 30088-2552 | James Dearing Jr PC<br>730 Peachtree Street NE<br>Suite 560<br>Atlanta, GA 30308-1238 | TRC Master Fund LLC (Formerly Morris Manning & Martin LLP)<br>Attn: Terrel Ross<br>PO BOX 633<br>Woodmere, NY 11598 |
| Advance Learning Network<br>9339 22nd Avenue NW<br>Seattle, WA 98117-2716 | Atlanta University Center<br>111 James P. Brawley Drive SW<br>Atlanta, GA 30314-4207 | Liquidity Solutions, Inc. (Formerly Brown Design Group, Inc.)<br>One University Plaza, Suite 312<br>Hackensack, NJ 07601 |
| Liquidity Solutions, Inc. (Formerly Boathouse Sports)<br>One University Plaza, Suite 312<br>Hackensack, NJ 07601 | Brownstone Construction Mgmt.<br>2870 Peachtree Road<br>Suite 149<br>Atlanta, GA 30305-2918 | Carter Bros Fire & Life Safety<br>500 W. Cypress Creek Road<br>Suite 650<br>Ft. Lauderdale, FL 33309-6147 |
| Chief Fire Protection<br>689 Whitehall Street SW<br>Atlanta, GA 30310-1999 | D. Christopher Lake<br>3839 Walnut Path<br>Lithonia, GA 30038-4884 | Dick Pond Athletics<br>26 W. 321 St. Charles Road<br>Carol Stream, IL 60188-1995 |
| Discount Mailing Service<br>2459 Perkerson Road SW<br>Atlanta, GA 30315-7217 | Epstein Becker & Green PC<br>c/o James P. Flynn, Esq.<br>One Gateway Center<br>Newark, NJ 07102 | Financial Accounting Management<br>4525 Flat Shoals Parkway<br>Decatur, GA 30034-5038 |
| Liquidity Solutions, Inc. (Formerly First Class Inc.)<br>One University Plaza, Suite 312<br>Hackensack, NJ 07601 | Gas South<br>Attn: Jim Gantt<br>PO Box 369<br>Marrietta, GA 30061 | Georgia Natural Gas<br>PO Box 105445<br>Atlanta, GA 30348 |
| Hollowell Foster Gepp PC<br>233 Peachtree Street, NE<br>1200 Harris Tower<br>Atlanta, GA 30303-1507 | Greenberg Traurig<br>3290 Northside Parkway<br>Suite 400<br>Atlanta, GA 30327-2268 | Hancock County Board of Education<br>12480 Augusta Highway<br>Sparta, GA 31087-0488 |
| Interdenominational Theological Center, Inc.,<br>c/o P. Andrew Patterson, Esq.<br>John T. Vian, Esq.<br>Smith Gambree & Russell, LLP, 1230 Peachtree St NE, Ste. 3100, Atlanta, GA 30309 | Jacquelyn H. Washington<br>5690 Vandiver Rd SW<br>Atlanta, GA 30331 | Rock Eagle 4-H Center<br>Attn: Terri Camp<br>350 Rock Eagle Rd.<br>Eatonton, GA 31024 |

13

| | | |
|---|---|---|
| TRACS<br>15935 Forest Rd.<br>Forest, VA 24551 | West End Print Shop<br>964-C Ralph David Abernathy Blvd,<br>Atlanta, GA 30310 | The McGraw Hill Companies 148<br>Princeton-Hightstown Rd N-2,<br>Hightstown, NJ 08520 |
| Regina Wright<br>504 Beckwith Ct. SW #D,<br>Atlanta, GA 30314 | Randy C. Smith<br>American Environmental Consultants<br>30 Purgatory Road<br>Mont Vernon, NH 03057 | Quentin D. Wimby<br>2419 Bollingbrook Dr.<br>Atlanta, GA 30311 |
| Jerome Rowland<br>c/o Morris Brown College,<br>643 Martin Luther King Jr. Dr. SW Atlanta,<br>GA 30314 | South Carolina Department of Health &<br>Environmental Control c/o Emily S.<br>Sherlock,<br>Robinson Bradshaw & Hinson, P.A.<br>101 North Tryon Street, Suite 1900,<br>Charlotte, NC 28246 | Michael D. Murrell<br>4359 Timberlake Lane, Stone<br>Mountain, GA 30083 |
| City of Atlanta, Dept. of Watershed Mgmt.<br>C/O Stephen H. Block,<br>780 Johnson Ferry Rd., Suite 240 Atlanta,<br>GA 30342 | AFLAC<br>Attn: Remittance Processing Services<br>1932 Wynnton Road<br>Columbus, GA 31999-0797 | |
| Aircom of Georgia Heating<br>3001 Greyfield Trace<br>Marietta, GA 30067-5531 | ACT Inc.<br>P. O. Box 4072<br>Iowa City, IA 52243-4072 | Axcient Inc.<br>1161 San Antonio Road<br>Mountainview, CA 94043-1002 |
| ADT Security<br>P.O. Box 371967<br>Pittsburgh, PA 15250-7967 | Aperson Print Resources<br>2908 Stewart Creek Blvd.<br>Charlotte, NC 28216-3592 | AT&T Security<br>P. O. BOX 105068<br>Atlanta, GA 30348-5068 |
| Cooks Pest Control<br>P. O. Box 229<br>Rex, GA 30273-0229 | Allied Waste Services<br>P. O. Box 9001099<br>Louisville, KY 40290-1099 | Altanta Luxury Movers<br>592 McAfee Street<br>Atlanta, GA 30313-2418 |
| American InfoSource LP as agent for<br>TMobile/T-Mobile USA Inc.<br>P. O. Box 248848<br>Oklahoma City, OK 73124-8848 | BDO USA LLP<br>5430 Wade Park Blvd.<br>Suite 208<br>Raleigh, NC 27607-4191 | Boston Mutual Life Ins. Co.<br>G Group Billing Dept.<br>P. O. Box 55154<br>Boston, MASS 02205-5154 |
| Clark Atlanta University<br>c/o J. William Boone, Esq.<br>Suzanne N. Boyd, Esq.<br>David Wender, Esq.<br>Alston & Bird, LLP<br>1201 W. Peactree St.<br>Atlanta, GA 30309 | Creative Designed by Maxxi<br>1633 Samantha Place<br>Marietta, GA 30008-8807 | Darryl Allen Printing and Graphics<br>70 Chicamauga Avenue SW<br>Atlanta, GA 30314 |
| Diverse Issues in Higher Education<br>10520 Warwick Avenue<br>Suite B8 Fairfax, VA 22030-3100 | Equifax Credit Information Services LLC,<br>P. O. Box 4472<br>Atlanta, GA 30302-4472 | E&D Electric Co.<br>P. O. Box 170493<br>Atlanta, GA 30317-0493 |
| Educause<br>282 Century Place<br>Suite 5000<br>Louisville, CO 80027-1694 | Kelly Fanning<br>2450 Clifton Springs Manor<br>Decatur, GA 30034-3755 | Events-R-Us Inc.<br>5015 Greentree Terrace<br>College Park, GA 30349-1735 |

14

| | | |
|---|---|---|
| FedEx<br>P. O. Box 660481<br>Dallas, TX 75266-0481 | Gourmet Services Inc.<br>82 Piedmont Avenue<br>Atlanta, GA 30303-2518 | Herff Jones<br>2502 N. State Street<br>P. O. Box 707<br>Ilola, KS 66749-0707 |
| Sharon Willis<br>130 Camelot Drive<br>Fayetteville, GA 30214 | Ed Jones<br>c/o Big Bethel AME Church<br>220 Auburn Avenue<br>Atlanta, GA 30303-2602 | Hampton Inn<br>616 Fair Road<br>Statesboro, GA 30458-1496 |
| Shumate Mechanical<br>2805 Premier Parkway<br>Duluth, GA 30097 | McKenneys Mechanical Contractors<br>1056 Moreland Ind. Blvd.<br>Atlanta, GA 30316-3296 | Lee Sports<br>1025 W. Spring Street<br>Monroe, GA 30655-3154 |
| Kipp Metro Atlanta Collaboration<br>80 Joseph Lowery Blvd. NW<br>Atlanta, GA 30314-3421 | Innogive Foundation<br>5023 N. Parkway Calabasas<br>Calabasas, CA 91302-1421 | Intronis Technologies<br>332 Congress Street<br>4th Floor<br>Boston, MASS 02210-12117 |
| Jostens Inc.<br>21336 Network Place<br>Chicago, ILL 60673-1213 | Internal Revenue Service<br>401 W. Peachtree St NW<br>Atlanta, GA 30308 | HPGCU Consortium<br>6101 Phelps Street<br>Glen Allen, VA 23060-2214 |
| One Call Electrical Service<br>4480 Bullock Bridge Road<br>Loganville, GA 30052-3503 | P-B Xcellence Communications Inc.<br>6872 Timberhead Way<br>Lithonia, GA 30058-6011 | Micro Warehouse<br>535 Connecticut Avenue<br>Norwalk, CT 06854-1700 |
| Premier Elevator Co. Inc.<br>230 Andrew Drive<br>Stockbridge, GA 30281-6386 | Nuesoft Technologies<br>1685 Terrill Mill Road<br>Marietta, GA 30067-8339 | Premier Facility Group<br>125 Mansell Place<br>Suite 207<br>Roswell, GA 30076-5659 |
| Roshunya S. Hood<br>3645 Rosetree Court<br>Lilburn, GA 30047-7807 | Publishing Associates Inc.<br>5020 Montcalm Drive SW<br>Atlanta, GA 30331-8421 | Sodexho/Clark<br>Atlanta University Dining<br>223 James P. Brawley Drive<br>Atlanta, GA 30314 |
| SA Williams Inc.<br>131 Ponce De Leon Avenue, NE<br>Suite 227<br>Atlanta, GA 30308-1979 | Secured Protection Services<br>1729 Leslie Avenue<br>Atlanta, GA 30311-4113 | Rem 2 Rem LLC<br>2024 Beaver Run Road<br>Norcross, GA 30071-3710 |
| Riddell<br>669 Sugar Lane<br>Elyria, OH 44035-6309 | Roberts Engineering Corporation<br>1959 Piedmont Road NE<br>Atlanta, GA 30324-4178 | R-Technology Inc.<br>3670 Turnbury Oaks Drive<br>Duluth, GA 30096-2404 |
| Sandy White<br>6045 Yale Court<br>Morrow, GA 30260-1255 | The Strong Company<br>180 Austin Oaks Drive<br>Ellenwood, GA 30294-3161 | Tri-Copy Office Equipment<br>231 Tiger Way<br>Peachtreet City<br>GA 30269-1680 |
| Waste Management of Atlanta<br>1571 Burke Drive<br>Lake City, GA 30260-3533 | TR Capital Management, LLC<br>PO BOX 633<br>Woodmere, NY 11598 | Raquel N. Wells<br>RN Wells Group<br>806 Chalet Hills Drive<br>McDonough, GA 30253-8812 |

15

| | | |
|---|---|---|
| YMCA Andrew & Walter Young<br>2220 Campbellton Road<br>Atlanta, GA 30311-4696 | Rev. Dr. John F. Williams<br>c/o Antioch East Baptist Church<br>1233 Hardee Street NE<br>Atlanta, GA 30307 | Valstone Partners<br>300 East Lombard Street<br>Suite 1111<br>Baltimore, Maryland 21202 |
| Office of the United States Trustee<br>David S. Weidenbaum<br>362 Richard Russell Bldg.<br>75 Spring Street, SW<br>Atlanta, GA 30303-3315 | Samuel S. Olens, Attorney General<br>Office of the Attorney General<br>40 Capital Square, SW<br>Atlanta, GA 30334 | Emily Shingler<br>Assistant United States Attorney<br>United States Attorney's Office<br>Northern District of Georgia<br>75 Spring Street, SW, Suite 600<br>Atlanta, GA 30303 |
| Deloitte Financial Advisory Services LLP<br>Attn: Simon Charlton<br>555 12th Street, N.W.<br>Suite 500<br>Washington, DC 20004 | Secretary of the Treasury<br>15th & Pennsylvania Ave., NW<br>Washington, DC 20200 | Friendship Baptist Church<br>c/o Thomas M. Byrne, Esq.<br>Sutherland Asbill & Brennan LLP,<br>999 Peachtree St., NE<br>Suite 2300,<br>Atlanta, GA 30309 |
| Donna Parisi<br>The Bank of New York Mellon<br>Default Administration Group<br>6525 W. Campus Oval, Suite 200<br>New Albany, Ohio 43054 | Gregory H. Worthy<br>Bryan Cave Powell GoldsteinLLP<br>One Atlantic Center – 14th Floor<br>1201 West Peachtree Street, NW<br>Atlanta, GA 30309-3488 | Securities and Exchange Commission<br>Atlanta Regional Office<br>Rhea Kemble Dignam<br>Regional Director<br>950 East Paces Ferry, N.E.<br>Suite 900, Atlanta, GA 30326 |
| GTAS Asset Solutions LLC<br>c/o E. Penn Nicolson, Esq.<br>Bryan Cave LLP<br>1201 W. Peachtreet Street<br>14th Fl.<br>Atlanta, GA 30309-3471 | Official Committee of Unsecured<br>Creditors<br>c/o Matthew W. Levin<br>Kilpatrick Townsend & Stockton LLP1100<br>Peachtree, Suite 2800<br>Atlanta, GA 30309 | Richard Sinkfield<br>Robert C. Hussle<br>Rogers & Hardin LLP<br>2700 International Tower<br>229 Peachtree Street<br>Atlanta, GA 30303 |
| Atlanta Economic Development Authority<br>d/b/a Invest Atlanta<br>c/o Roy Hadley, Esq.<br>John F. Isbell, Esq.<br>Thomas Hine LLP<br>Two Alliance Ctr., Suite 1600<br>3560 Lenox Road<br>Atlanta, GA 30326 | Stephen Kong, Chief Counsel Economic<br>Development Administration<br>U.S. Department of Commerce<br>1401 Constitution Avenue, NW<br>7th Floor<br>Washington, DC 20230 | Emily Shingler<br>Assistant United States Attorney<br>United States Attorney's Office<br>Northern District of Georgia<br>75 Spring Street, SW, Suite 600<br>Atlanta, GA 30303 |

118120816_1